the assignment. There can be no recovery against him for rent which became payable before the assignment, even though it was payable in advance for a period within which the assignment was made. McAdam, Landl. & Ten. p. 283. It appears from the record that, if there was any assignment at all, it was made after the due date of the rent in question. Consequently, the defendant was not liable for it.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

(33 App. Div. 365.)

## In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. October 14, 1898.)

1. CONSTITUTIONAL LAW—OFFICERS—SALARY—VESTED RIGHTS.

The commissioners of estimate and assessment for New York City not being constitutional officers, their right to compensation is not a vested right, and therefore the legislature may reduce their salary at any time.

2. SAME.

The right of the commissioners of estimate and assessment for New York City to salary becomes vested only as it accrues, and therefore a legislative act reducing their salary may be made to apply to services rendered after the act in proceedings commenced prior thereto.

3. NEW YORK CITY—COMMISSIONERS OF ESTIMATE AND ASSESSMENT—FEES.

Consolidation Act 1882, as amended by Laws 1895, c. 449, and Code Civ. Proc. § 3296, as amended by Laws 1896, c. 90, provided that the commissioners of estimate and assessment should receive $10 per day for their services. Greater New York Charter, § 998, provides that their fees shall be $6 for each day's services "in the performance of the duty imposed upon them by this act." Section 1608 of the charter provides that it shall be a continuation of the former act. Held, that the words "this act" do not limit its provisions to proceedings commenced since it went into effect.

4. SAME.

Greater New York Charter, c. 21, provides for the acquisition of lands for public purposes. Section 1448 provides that that chapter shall not apply to proceedings for opening streets, "or to any proceeding of any nature instituted prior to the time of the taking effect of this act, and such proceedings shall be conducted in all respects as if this act had not passed." Held, that the last clause, providing for the conduct of proceedings as if the act had not been passed, applies only to the clause immediately preceding, and does not apply to proceedings for opening streets.

Appeal from special term, New York county.

Application of the mayor, aldermen, and commonalty of the city of New York for the opening of East 176th street. From an order taxing the costs of the commissioners of estimate and assessments, the commissioners appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and McLAUGHLIN, JJ.

Arthur Berry, for appellants.

Theodore Connoly, for respondents.

O'BRIEN, J. The question here presented is whether commissioners of estimate and assessment appointed in proceedings instituted prior to January 1, 1898, when the Greater New York Charter

went into effect, and who thereafter rendered services in such proceedings, were entitled to a continuation of their fees at the rate of $10 a day, which was the rate fixed by law, or became entitled to only $6 a day, the rate fixed by the new charter. The question of vested rights is not involved. These commissioners are not constitutional officers, and with reference to services that were rendered subsequent to the passage of the charter their right to compensation therefor, as justly observed by the learned judge at special term, does not belong to "the category of rights and remedies. A mere expectation is not a vested right. The right to compensation accrues from services performed, and not from the nature or tenure of the office; and, as we have already observed, the compensation of statutory officers not specially protected by the constitution may be increased or decreased by the legislature." It was therefore perfectly competent for the legislature to reduce the salary of these officials. Conner v. City of New York, 5 N. Y. 285; Smith v. City of New York, 37 N. Y. 518; Suth. St. Const. § 164. The right to salary vested only as it accrued, and the fact that the proceeding was commenced before the new law went into effect is immaterial. The sole question relates to the intention of the legislature, as manifested by the provisions of the new charter. Section 998 of the charter fixes the fees of such commissioners by providing that "each of the commissioners of estimate and assessment shall receive six dollars for each day upon which the said commissioners shall meet and be actually and necessarily employed in the performance of the duty imposed upon them by this act." It is the use of the words "this act" at the end of the provision just quoted that gives rise to the two contentions; the appellants insisting that for services rendered after the charter went into effect, but in proceedings initiated before that date, they should be taxed at the rate of $10 per day, as provided in the consolidation act, as amended by chapter 449 of the Laws of 1895, and the Code of Civil Procedure (section 3296), as amended by chapter 90 of the Laws of 1896, while the respondent is equally strenuous in contending that section 998 of title 4 of chapter 17 of the new charter, fixing the fees of the commissioners, applies alike to proceedings instituted thereunder, and to proceedings instituted by the mayor, etc., prior to January 1, 1898, and pending when the charter went into effect. It being entirely competent, as stated, for the legislature to change the fees of the commissioner in pending proceedings, the question really narrows itself down to the construction to be given to section 998 of the charter, which is the latest expression of the legislature, and therefore controlling. Standing alone, the use of the words in that section, "for any services performed under this title," might indicate an intention to apply them only to future proceedings; the language being susceptible of the view that the title was drafted as if pending proceedings did not exist. When we find, however, that pending street-opening proceedings were provided for, if at all, by the repeal provisions and the saving clauses, the language quoted is to be construed in the light of such other provisions, and not as though it stood separate and alone. Those same words were used in every act relating to fees of commissioners since 1882. Thus, they are found in the

consolidation act, and were applied to proceedings pending, whether begun under the consolidation act or after its amendment; and yet as well might the contention be made that such language was intended to affect only proceedings initiated after the consolidation act was amended. It will be found, however, that the amended law was always regarded as a continuation of the law as it stood when the commissioners were first appointed. Nor was there any difference between the duties imposed by the original act and the act as amended, so far as the continuation and completion of the proceedings were concerned. The repeal and saving clauses show that it was the intention of the legislature that section 998 was not to be entirely a new enactment, applicable to future proceedings, but was a continuation of the consolidation act of 1882. This view is emphasized by many sections of the charter,—notably, section 1608, which in fact so provides. Nor do we find, upon an examination of the saving provisions in the charter, such as section 1614, that the fees of commissioners in pending proceedings are protected. Nor is the appellants' position strengthened by a reference to section 1448 of chapter 21 of the charter. That chapter provides generally for the acquisition of lands or interests therein for public purposes, but section 1448 expressly excepts street-opening proceedings from the operation of the chapter. After providing that the chapter shall not apply to any proceedings for the opening of streets, etc., these words follow: "or to any proceedings of any nature instituted prior to the time of the taking effect of this act, and such proceedings shall be conducted in all respects as if this act had not been passed." It is clear that this last part of the sentence refers to that part which immediately precedes it. When, therefore, the legislature said that "such proceedings shall be conducted in all respects as if this act had not been passed," it referred, not to the proceedings which were wholly excluded from the operation of the chapter, but to such proceedings of any nature other than those so excluded as might have been previously instituted. Thus, the reasonable construction is that the chapter does not apply (1) to street-opening proceedings at all, past or prospective, or (2) to any other proceedings—even those embraced within the chapter—instituted prior to the time of the taking effect of the charter. It is plainly these other proceedings, and these alone, which are contemplated by the concluding part of the sentence.

Without attempting to refer to all the various sections of the charter bearing upon this question, it is sufficient to say that we concur in the conclusion reached by the learned judge at special term, that it was the intention of the legislature, with reference to street-opening proceedings, to have the charter provisions but a continuation of the existing provisions of law on that subject, and that, except so far as amendatory of or supplemental to then existing provisions, the proceedings were to be continued as though the charter had not been passed. Having given expression to an intention to change the rate of the fees to be paid to commissioners after January 1, 1898, to that extent the charter must be regarded as an amendment of the consolidation act.

The order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.