MUNICIPAL CORPORATIONS — STREETS — REGULATION OF GRADE — DAMAGES — STATUTES.

Consol. Act, § 978, enacts that, if the commissioners of assessment and estimate shall judge that any intended regulation of the grade of a street will injure any building not required to be taken for the purpose of opening, altering, etc., any street, they shall estimate the loss or damages which will accrue to those interested in such building, which shall be included in the assessment for benefit. Laws 1874, c. 329, gave the commissioners of the department of parks exclusive power to locate streets and regulate grades, and chapter 604 required the filing of a map showing the grade, etc., in certain designated offices. *Held*, that where, on June 4, 1879, the department of parks filed a map showing the grade of a certain street, in conformity with Laws 1874, c. 604, and subsequently the land along which the street was to be laid out was divided by its owners into lots, and they dedicated land to the public use for such street, subsequent purchasers of such lots, who built on the same, were not entitled to damages, under the consolidation act, for the regulation of the grade of the street as called for by the map.

Appeal from order returning report to commissioners.

Application by the mayor and commonalty of the city of New York for the opening of Rogers Place. From an order providing that the report of the commissioners of assessment and estimate be sent back to them for further proceedings upon the claims of certain persons who claimed that they were entitled to damages, applicants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant.
Joseph A. Flannery, for respondents.

PATTERSON, J. The order from which this appeal is taken among other things provided that the report of the commissioners of estimate and assessment in this matter be sent back to such commissioners for further proceedings upon the claims of certain parties who had insisted before such commissioners that they were entitled to awards for damages to buildings and improvements on premises in front of and abutting on Rogers Place, arising from the intended regulation of that street. The commissioners had refused to take evidence relating to this alleged damage, and upon the facts as they appear before us they were justified in that refusal. The only right claimants (respondents here) can have to damages to the buildings or improvements upon their property arises out of provisions of the consolidation act, which it is claimed apply to this proceeding. By section 978 of that act, which substantially followed a provision of chapter 160 of the Laws of 1816, it is enacted as follows:

"If the said commissioners of estimate and assessment shall judge that any intended regulation will injure any building or buildings not required to

be taken for the purpose of opening, extending, enlarging, straightening, alter-ing or improving such street, or part of a street, they shall proceed to make, together with the other estimates and assessments required by law to be made by them, a just and equitable estimate and assessment of the loss and damage which will accrue by and in consequence of such intended regulation to the respective owners, lessees, parties and persons respectively entitled unto or interested in the said building or buildings so to be injured by the said intended regulation, and the sums or estimates of compensation and recompense for such loss and damage shall be included by the said commis-sioners in their report and included in the assessment for benefit."

The respondents are the owners of land fronting on the proposed Rogers Place, and what the city intends to do, as shown in this pro- ceeding, is to open that street and regulate its grade upon a plan originally indicated on a map filed June 4, 1879, by the department of parks, and in conformity with the provisions of chapters 329 and 604 of the Laws of 1874. No land of the respondents is taken, but buildings are injuriously affected by the opening and grading and regulation of the street. The record before us consists of an agreed statement of facts, which is very unsatisfactory in consequence of its vagueness in some particulars, but it sufficiently appears from it that when the map of 1879 was filed the tract of land over which it was shown that Rogers Place was to be laid out was owned by private parties, who divided the tract into building lots in the year 1884, and thereafter dedicated Rogers Place to the public use as a street, and sold lots abutting on such street; and subsequently to 1884 (but at what time we are not informed) these respondents be-came owners of lots abutting on that street thus dedicated to the public use. Therefore they bought their lots after the filing of the plan by the park commissioners, and after the dedication of the street by their predecessors in ownership. It further appears from the submitted statement of facts that the present grade or intended regulation of Rogers Place in front of the respondents' premises was established by the map of 1879, and that Rogers Place in front of such premises was, subsequent to the laying out of the street and the establishment of the grade thereof by the park department, laid out as a street on certain private property maps, and was dedicated to the public by the owner or owners thereof, and that "the present holders of lands abutting on Rogers Place and claimants for dam-ages to buildings by reason of the intended regulation of the street herein hold title to their property in recognition of this dedication of Rogers Place to the public"; and, further, that the street laid out as Rogers Place and the street to which the city in this proceed-ing has acquired title are the same in respect of location and con-templated grade or intended regulation as the Rogers Place which was laid out and established by the park department, and which was dedicated by the original owner or owners to the public; and that the buildings of the respondents, claimants for damages, were erected subsequent to the establishment of the grade of the street by the park department, and subsequent to the dedication of the Rogers Place to the public by the owner or owners of the land. It would thus appear from this statement of facts that the dedication

by the private owners was of a strip of land for a street, which cor-responded to that which had been established as a street by the city authorities by the filing of the map in 1879. The respondents placed ·their buildings upon their lots after 1884, and after their predecessors in title had fixed, by their dedication, the grade of the street for their grantees or others who might become interested in the property. When these respondents, therefore, took their title to the property, they knew of a grade not only established by the city, but by their predecessors in title; and, if they built structures upon their lots which would necessarily be injured by the regulation of the street upon the original plans, they did so at their peril, and are not brought within the fair equitable meaning or construction of the section of the consolidation act under which they claim. It may very well be in some cases that the mere filing of a map by the municipal authorities would not now be held to operate as a prohibition upon owners erecting buildings on their land to conform to natural grades, for proceedings might not be taken to open streets for decades after the filing of maps; but in this case there is another element introduced, as we understand the facts upon the submission made, and we do not think that, where buildings are put up upon city lots under such circumstances, it was the intention of the legislature to allow damages for the incidental injury caused to such buildings by street openings.

We are therefore of the opinion that that part of the order sending the report of the commissioners back for further proceedings should be reversed, and the report of the commissioners affirmed, with costs of this appeal against the respondents. All concur; INGRAHAM, J., in result.

---

(64 App. Div. 604.)

### In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. October 25, 1901.)

2. SAME—CONSTRUCTION OF CANAL—PRIVATE WATER WAY.
  Where the owners of land between 138th and 144th streets acquired permission from the then authorities, the trustees of the town in which the land lay, to extend a canal north to 144th street, and agreed to erect a bridge at 138th street, and keep the same in repair, and it was agreed that, if they should fail to fulfill the terms of their agreement, the town might require the canal to be filled, such facts did not show a dedication of the water way between 138th and 144th streets to the public, so as to prevent the city from condemning such water way for street purposes.

3. HIGHWAYS—STATUTES—RECOGNITION OF HIGHWAY.
  Laws 1894, c. 544, providing that the commissioners of street improvements were authorized to construct a bridge over the canal at 138th