### In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. OPENING STREET—DAMAGES TO ADJACENT BUILDING.
    Damages to buildings upon the line of a proposed street are to be ascertained, so far as can be, as of the time when the street is actually opened, and not the time when the city acquired the land for the street.

2. SAME—REMOVAL OF BUILDING BEFORE GRADING.
    Where a building along a proposed street was removed after the city acquired title to the land, but before the street was opened, and any change made in the grade, such building is not injured by the opening of the street, and the owner cannot recover damages therefor.

Appeal from Special Term, New York county.

Proceedings instituted by the city of New York to acquire property for the opening of a street. From an order confirming the report of the commissioners of estimate and assessment, the city appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant.
Clarence C. Ferris, for respondent.

McLAUGHLIN, J. Proceedings were instituted by the city of New York to, and in August, 1897, it did, acquire title to lands necessary for the opening of Vyse street from Boston Road to Bronx Park. The commissioners of estimate and assessment appointed in the proceeding on the 15th of December, 1899, made a preliminary estimate.

of damages sustained by the owners of land taken, which was filed in the law department on the 19th of February following, in which an award of $39 was made to unknown owners for the parcel taken, designated on damage map No. 2 as "Parcel No. 23." After the preliminary report had been filed, the respondent, Kelly, for the first time appeared in the proceeding, and filed objections to the report, which were, in effect, that he was the owner, and by reason thereof entitled to the damages awarded to unknown owners of parcel No. 23, and that an error had been made, in that no award had been made to him for damage to buildings situate upon parcel designated as "No. 23A." In support of his objections, evidence was produced by him, which satisfied the commissioners that he was, in fact, the owner of parcel designated as "No. 23," and that the buildings which were located upon No. 23A at the time the city acquired title were damaged to the extent of $300 by reason of the proposed grading of Vyse street, for which sum an award was made to him. The city has appealed from so much of the order as awards the respondent damage to his buildings.

The award for damage to the buildings was made upon the theory that such damage must be ascertained as of the time when the city acquired title to the land necessary for the opening of the street; but this is not the rule as to the ascertainment of such damages. The damages to buildings located upon the line of a proposed street are to be ascertained, so far as can be, as of the time when the street is actually opened, and not when the city acquires title to the land. Missionary Society v. Coler, 60 App. Div. 77, 69 N. Y. Supp. 863; In re Rogers Place, 65 App. Div. 1, 72 N. Y. Supp. 459. Here the city has not yet opened and graded Vyse street, and therefore buildings located upon the line of the street have not been and cannot be injured until the grade has been changed. The respondent, therefore, has not sustained any damage whatever, so far as his buildings are concerned, because it appears that intermediate the vesting of title in the city to the land taken and respondent's appearance in the proceeding he removed his buildings from this plot onto another street. Manifestly, buildings that have been removed before the grade of the street has been changed have not been injured.

The order, so far as the same is appealed from, must, therefore, be reversed, and the matter remitted to the commissioners for further consideration. All concur.