In the Matter of the Application of the MAYOR, ALDERMEN AND
COMMONALTY OF THE CITY OF NEW YORK, Relative to Acquiring
Title, Wherever the Same Has not Been Heretofore Acquired,
to the Lands, Tenements and Hereditaments Required for the
Purpose of Opening East One Hundred and Eighty-seventh
Street (Although not yet Named by Proper Authority), from
Third Avenue to the Southern Boulevard, as the Same Has Been
Heretofore Laid Out and Designated as a First-class Street or
Road, in the Twenty-fourth Ward of the City of New York.

THE CITY OF NEW YORK, Appellant; PATRICK O'GORMLEY and
Others, Property Owners, Respondents.

*Damage — erection of a building upon the line of a proposed street after the grade
thereof has been established — the subsequent regulation of the street creates no claim
for damages — burden of proof as to the date of the erection of the house.*

Under section 978 of the Consolidation Act (Laws of 1882, chap. 410), which has
been substantially re-enacted in sections 979 and 980 of the Greater New York
charter (Laws of 1897, chap. 378), persons who erect dwellings upon the line
of a street after the filing of a map establishing the grade thereof, are not
entitled to recover any damages done to their buildings in consequence of the
subsequent regulation of the street in accordance with the grade thus established.
The burden of proving the date at which the house on the lot was erected,
whether before or after the map was filed, rests on the claimant.

APPEAL by The City of New York, the successor to the Mayor,
Aldermen and Commonalty of the City of New York, from so

much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of May, 1901, denying a motion to confirm the report of the commissioners of estimate and assessment, as returns the report of said commissioners for the purpose of having included therein awards for damages to the buildings owned by persons objecting to said report.

*John P. Dunn*, for the appellant.

*Joseph A. Flannery*, for the respondents.

HATCH, J.:

Pursuant to a resolution of the board of street opening and improvement, passed on the 21st day of October, 1895, directing the corporation counsel to take the necessary proceedings to acquire title to lands required for the opening of East One Hundred and Eighty-seventh street, a notice was duly published in the *City Record* on January 7, 1897, of an application to be made for the appointment of commissioners of estimate and assessment. Thereafter commissioners were duly appointed by an order entered in the clerk's office of New York county on the 26th day of January, 1897. On the 2d day of February, 1897, the commissioners duly published in the *City Record*, as required by law, a notice of their appointment, containing a statement of the purpose for which they were appointed and requiring all persons interested therein to present their claims, duly verified, within twenty days after the date of said notice, and that they would hear persons and parties in relation to these claims on the 27th day of February, 1897.

No claims were filed in pursuance of this notice by any of the respondents on this appeal. The intended regulation of East One Hundred and Eighty-seventh street was duly established on November 2, 1895, when the final map of profiles of the twenty-third and twenty-fourth wards, prepared and adopted under chapter 545 of the Laws of 1890, and the acts amendatory thereof, were filed as required by law. East One Hundred and Eighty-seventh street, which by these proceedings was being opened as a public street, was made up from two old streets that had been in use for many years prior to 1897, one called Jacobs street, shown as parcel No. 12,

and the other Clay avenue, shown as parcel No. 29, on the damage maps of the commissioners. It was admitted upon the motion to confirm the report of the commissioners that the respondents owned no part of the land intended to be regulated and graded as a street, and no property belonging to them, or either of them, was taken in the proceeding. After considering all claims filed under the preliminary notice and all proofs in relation thereto, the commissioners signed their preliminary estimate and assessment, and filed the same in the bureau of street openings of the law department of the city of New York on the 7th day of November, 1898. In this preliminary estimate and assessment the commissioners made no award for any damages sustained to the buildings owned by the respondents, or any of them, resulting from the intended regulation of the street. On the 1st day of December, 1898, and thereafter, as required by law, the commissioners duly published in the *City Record* a notice that they had filed their estimate and assessment in the bureau of street openings, stating the time within which parties objecting thereto might file objections, and the date when the commissioners would hear parties so objecting, and also the time when a motion would be made before the court to confirm the commissioners' report. On the hearing relating to this preliminary estimate and assessment the respondents appeared for the first time and filed objections thereto, based upon the failure of the commissioners to make them awards for the damages which they claim their buildings suffer by reason of the intended regulation of the street. After the hearing the commissioners reported that no property of these respondents was taken in the proceeding, and after hearing all other objections to the preliminary estimate and assessment they gave to certain property owners a nominal award of one dollar, but to the respondents no award of damages, whatever, was given. On motion to confirm this report the Special Term denied the motion and sent it back to the commissioners to further consider the respective claims of the respondents for damages. From this portion of the order the city has appealed.

This court held in *Matter of Rogers Place* (65 App. Div. 1) that the right to damages flowing from an intended regulation of the street is governed exclusively by the act under which the proceeding is instituted, and if authority is not found therein to make an

award of damage the claimants are not entitled to receive any,· although damages flow from the improvement.

It has also been held by this court, and also by the Court of Appeals, that where no lands of the private owner are taken for the street, and the only damage which arose was such as is incident to the substitution of a public easement in place of the private right, no damage is sustained by the abutting owner having an easement therein, when it is taken by the municipality for use as a street or highway. (*Matter of One Hundred & Sixteenth Street*, 1 App. Div. 436; *Matter of Adams*, 141 N. Y. 297.)

When these proceedings were instituted the law governing them was found in section 978 of the Consolidation Act (Laws of 1882, chap. 410), the substantial provisions of which have been embraced in sections 979 and 980 of the Greater New York charter (Laws of 1897, chap. 378). These provisions of law are a continuation of those which preceded them, relating to the same subject (*Matter of the Mayor*, 33 App. Div. 365; affd. on appeal, 158 N. Y. 668) and the construction must be the same. It is conceded in the present proceeding that all of the respondents' buildings except O'Gormley's, were erected upon this street about two years after the grade of the same was finally fixed and established, and the intended regulation of the same was made apparent. As to O'Gormley it is claimed that his building was erected before the grade of the street was established. An examination of the record fails to confirm such claim. It appears upon the hearing before the commissioners that counsel for the respondents, after consultation with the representative of the city, conceded that certain of the houses were built after the filing of the map establishing the grade of the street. On the next hearing before the commissioners, the representatives of the city asked the counsel for the respondent O'Gormley if he would prove the erection of the building on his lot, and if not he should ask the commissioners to disregard the testimony in respect thereto, to which objection had already been interposed. Counsel in answer said: "I will submit a brief on the question of the erection of those houses." In the brief of the respondents upon this appeal, the only proof to which our attention is directed, showing that the O'Gormley building was erected prior to the establishment of the grade of the street, was the statement by the witness, in

answer to the question as to how old he should think the buildings were: "I don't think they are over four or five years old." This is all the proof there is upon the subject. We understand from the entire record that counsel for the respondent O'Gormley is to be understood, by the statement that he would file a brief, as meaning that he intended to give no further proof showing that the O'Gormley building was in fact erected prior to the establishment of the grade of the street, but that he intended to assert a claim, as he does now, for all of the respondents that they are entitled to damages, even though the buildings were constructed after the grade was established. Whether so to be understood or not, under the statute it is incumbent upon the party claiming damages to show that he is legally entitled thereto, and that the damages which he claims are such as the statute authorizes and which the commissioners may award. O'Gormley had it within his power to prove the date when these buildings were erected. His counsel was challenged by the representative of the city to make such proof, and only met the challenge by stating that he would file a brief. The proof is entirely insufficient to show that O'Gormley erected his building prior to the establishment of the grade of the street. His case, therefore, is to be considered in this respect in application of the same rule as applies to the others. So considered, it is clear that no legal damage in favor of the respondents was established.

It was said in *Matter of Rogers Place* (*supra*): "The respondents placed their buildings upon their lots after 1884, and after their predecessors in title had fixed, by their dedication, the grade of the street for their grantees or others who might become interested in the property. When these respondents, therefore, took their title to the property they knew of a grade, not only established by the city, but by their predecessors in title, and if they built structures upon their lots, which would necessarily be injured by the regulation of the street upon the original plans, they did so at their peril, and are not brought within the fair equitable meaning or construction of the section of the Consolidation Act under which they claim." This language is decisive of the respondents' rights to receive any award of damages if, with notice of the established grade of the street, they erected their buildings. The court in the decision last cited suggests that a case may arise where the mere filing of

the map would not operate as a prohibition of the use of property fronting on the street, by building thereon under penalty of loss or damage for injury when the intended regulation of the street was made.   It is sufficient now to say that such a case will be considered when it arises.   There is nothing in the present record showing that these respondents are entitled to avail themselves of any exception whatever.

The same rule is also laid down in Lewis on Eminent Domain (§ 223) and in *People ex rel. Murtaugh* v. *Board of Assessors* (58 How. Pr. 327).   The difference in the statute which was under consideration in the last case does not at all change the principle of the decision; it is as applicable to the construction to be given to the Consolidation Act and the provisions of the charter as to the act in question.   So far as all of the respondents, except O'Gormley, are concerned, it appears that proof was given upon the part of the city tending to establish that they suffered no damage by reason of the intended regulation of the street.   The commissioners viewed the premises and must be considered to have acted upon their own judgment, as well as upon the proof.   Under such circumstances, it is clear that the commissioners were authorized to conclude that no damage was sustained, and as they had proof in support of their conclusion the court was without authority in the premises and could not direct that they should find damages when they had determined that none were sustained.   We have not considered in this case what the legal effect was of respondents' omitting to file their claims for damages at the time when the notice required they should be presented, and express no opinion upon such question.   There was no error committed by the commissioners, in consequence of which their report should have been confirmed.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to confirm granted.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion to confirm granted.