### In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   June 5, 1903.)

1. MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE—DAMAGES.
    The rule that persons who erect buildings upon the line of a street after the filing of a map establishing the grade thereof are not entitled to recover any damage done to their buildings in consequence of the subsequent regulation of the street in accordance with the grade thus established does not apply, unless the map filed clearly and unmistakably indicates the grade of the street, and, where it only indicates such grade by way of possible inference to be drawn from the grade fixed at the intersection of the street with other streets, the recovery of damages is not precluded.

Appeal from Special Term, New York County.

In the matter of the application of the mayor, etc., of the city of New York, relative to the acquiring of title to Briggs avenue.   From an order confirming the report of commissioners of estimate and assessment, the city appeals.   Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John P. Dunn, for appellant.
Barclay E. V. McCarty, for respondent Combes.
Ferdinand E. M. Bullowa, for respondents Stevens and Schweitzer.
Lamont McLoughlin, for respondents Lyon and McCormack.

McLAUGHLIN, J.   On the 8th day of May, 1896, the city of New York, by resolution of the board of street opening and improvement, instituted this proceeding to acquire title to the land necessary for the opening of Briggs avenue from East 194th street to the Southern Boulevard; and on the 14th of May, 1897, commissioners of estimate and assessment were appointed, who, after various hearings, on the

24th of November, 1899, filed a report in which awards were made to the owners of land taken, and also damages to the owners of buildings located upon lands not taken, affected by the change of grade of the street. The city objected to the report of the commissioners in so far as it awarded damages to the owners of the buildings located upon land not taken, affected by the change of grade of the street. The objection of such awards was based upon the fact that the buildings for which the awards were made were erected after the grade of the street had been indicated by the city upon a map filed, and therefore no damages could be allowed. The objection was overruled, and the report of the commissioners confirmed, and the city has appealed.

The moving papers show that in June, 1889, the city filed a map, in pursuance of chapter 721, p. 937, of the Laws of 1887, "showing change of street system in that part of the Twenty-Fourth Ward of the city of New York" which includes Briggs avenue, and the buildings for which the awards were made were erected intermediate the filing of the map and December, 1893. An inspection of this map, however, does not disclose the grade of Briggs avenue, nor is there anything upon it from which that fact can be fairly inferred. There appears upon its face, among other explanatory notes, a statement to the effect that "the grades previously filed are shown by green figures," and "grades hereby established are shown" by red figures. But there are no figures, either red or green, appearing upon Briggs avenue, except at its intersection with other streets (Travers, Garfield, and Southern Boulevard); and, from the position of these figures, they would seem to indicate the grade of intersecting streets, instead of that of Briggs avenue.

This court has recently held that persons who erect buildings upon the line of a street after the filing of a map establishing the grade thereof are not entitled to recover any damage done to their buildings in consequence of the subsequent regulation of the street in accordance with the grade thus established. Matter of Rogers Place, 65 App. Div. 1, 72 N. Y. Supp. 459; Matter of East 187th Street, 78 App. Div. 355, 79 N. Y. Supp. 1031. But before this rule can be invoked, the map filed must clearly and unmistakably indicate the grade of the street. That fact must not be left in doubt, or to be inferred either from the grades of other streets or anything else. Nothing short of this will answer the purpose. Here the map filed fell far short of this requirement. It did not, as already said, indicate the grade of Briggs avenue in any way, unless it be by a possible inference to be drawn from the grade fixed at its intersection with other streets; and this possible inference was insufficient to prevent owners of lots from building upon them, or to subject them to the alternative of doing so at their peril. This map, it will be remembered, was filed in 1889, and from that time until 1895 nothing further was done by the city with reference to opening the streets. It would be a harsh and unjust rule, under such circumstances, to deny to the owners of the buildings damages caused by the change of grade. The right of such owners to recover damages is clear (Consolidation Act, § 878, Laws 1882, p. 271, c. 410; Greater New York Charter, § 980; Laws 1897, p. 347, c. 378), the amount to be fixed by the commissioners of estimate and assess-

ment after a fair consideration of all the evidence bearing on that subject (Matter of Brook Avenue, 8 App. Div. 294, 40 N. Y. Supp. 949). Here it does not seem to be questioned but that the owners of the buildings for which awards have been made sustained damage, nor do we understand that the amounts thereof are seriously questioned; and, if they were, we think the evidence justified the commissioners in making the awards which they did.

Other questions are discussed upon the briefs, but we deem it unnecessary to consider them here.

The order appealed from is right, and should be affirmed, with $10 costs and disbursements. All concur.