In re VYSE ST.

(Supreme Court, Special Term, New York County. June 9, 1904.)

1. MUNICIPAL CORPORATIONS—DAMAGE TO PROPERTY—ALTERATION OF STREET GRADE.

Under New York City Charter, Laws 1901, p. 411, c. 466, § 980, providing that, if the commissioners of estimate and assessment judge that any intended improvement of a street will injure any building not required to be taken, they shall proceed to make a just and equitable estimate and assessment of the loss and damage which will accrue to the respective owners, lessees, etc., entitled to or interested in the building to be injured, the measure of damages resulting from the change of grade of a street is limited to the damage done to the building by such change.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 938, 939.]

2. SAME.

Laws 1890, p. 965, c. 545, providing for the election of commissioners of street improvements in certain wards of the city of New York, and empowering such commissioners to locate, construct, and maintain all streets, roads, and public places in such wards, provides that maps of an improvement filed before the completion of maps covering the whole district to be affected by such improvement shall be subject to change. Laws 1893, p. 929, c. 443, amending the act of 1890, makes such partial maps final and conclusive, without awaiting the completion of all the maps of the district. *Held*, that maps showing a proposed change of grade of a street are binding on the property owners when filed, and damages cannot be awarded for parcels of land upon which buildings are erected after the filing, although at the time of the filing complete maps had not been filed.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 940.]

In the matter of Vyse street. On motion to confirm reports of commissioners of estimate and assessment. Granted.

See 80 N. Y. Supp. 842.

John J. Delaney, Corp. Counsel, Mulqueen & Mulqueen, and A. C. Hottenroth, for property owners.

Edward W. Murphy, for Michael J. Dowd.

Joseph A. Flannery, for Maurice S. Decker.

BISCHOFF, J. I cannot find sufficient ground of objection to the awards made for damage sustained by reason of the change of grade, so far as these awards are assailed for inadequacy. The right to such an award is created by the statute, which limits the measure to the damage to the building (New York Charter, Laws 1901, p. 411, c. 466, § 980; Re Trinity Ave., 81 App. Div. 219, 80 N. Y. Supp. 735), and the amounts fixed by the commissioners in this proceeding are supported by opinion evidence which the commissioners' examination into the question of values has led them to adopt. I cannot say that

there has been an erroneous determination of the fact of value in these instances, and the commissioners certainly were not bound by the estimates given by the expert witnesses called for the owners, estimates which by a comparison of values before and after the regulation of the grade clearly involved the factor of fee damage as distinguished from the strict damage to the buildings.

Nor can I hold that there was error in the omission to award damages for parcels upon which buildings were erected after the filing of maps whereby the intended regulation was indicated. Under these circumstances no damages may be claimed (Re Rogers' Place, 65 App. Div. 1, 72 N. Y. Supp. 459), and the objecting parties cannot be relieved from the operation of this rule upon the ground suggested that the maps were not final maps when filed. The statute applicable to this proceeding (section 2, c. 545, p. 965, Laws 1890) provided that maps filed before the completion of maps covering the whole district to be affected by the improvement should be subject to change; and, since the maps in question were filed prior to the general completion, it is insisted that the owners were not bound to take notice of them. This contention, however, overlooks the provisions of an amendatory act (chapter 443, p. 929, Laws 1893) in effect prior to the filing of these maps, whereby maps filed under these very circumstances were to be deemed final and conclusive, without the necessity of awaiting the completion of all the maps of the district. The maps, or profile sheets, showed the proposed regulation of the grade beyond question, as a matter of definite explanation, and there is no escape from the conclusion that the owners were bound by the public notice thus given.

The objections of the respondents Maurice S. Decker and others are directed to the system of assessments applied by the commissioners, but no actual ground of error in principle is suggested by counsel. The scale of assessment presents no inherent inconsistency, nor is there any apparent discrepancy between the amount assessed and the actual benefit conferred, in so far as the fact of benefit is disclosed by the nature of the improvement, nor can it be said from this record that the commissioners have failed to assess the property with a view to its actual difference in value with and without the improvement. There is, accordingly, nothing for the court to correct, and the further objection that the report fails to specify the value of each parcel assessed (Charter, § 980) is obviated by the late decision of the Court of Appeals in the Matter of Whitlock Avenue (Ct. App., May 18, 1904) 70 N. E. 924. Motion to confirm report granted.