In re GRANT AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. January 28, 1915.)

1. MUNICIPAL CORPORATIONS ☞385—IMPROVEMENTS—CHANGE OF GRADE—
DAMAGES.

 The right to recover damages to abutting owners by change of grade is
statutory, such damages not being recovered at common law.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
925–928; Dec. Dig. ☞385.]

2. MUNICIPAL CORPORATIONS ☞385 — PUBLIC IMPROVEMENTS — CHANGE OF
GRADE—DAMAGES.

 The rule prohibiting recovery of damages, by change of street grade,
to buildings constructed with reference to maps previously filed, cannot
be invoked, unless the map filed clearly and unmistakably indicated the
grade of the street.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
925–928; Dec. Dig. ☞385.]

Proceeding by the City of New York to acquire land for street
purposes. Application by Frederick and Anna Jelinek, as landowners,
for confirmation of report of commissioners of estimate and commis-
sioner of assessment, opposed by the city. Report confirmed.

John R. McMullen, of New York City, for applicants.

Frank L. Polk, Corp. Counsel, of New York City, for City of New
York.

Philip B. La Roche, Jr., of New York City, for J. H. Cohen.

PENDLETON, J. This is an application for the confirmation of
a report by commissioners of estimate and commissioner of assess-
ment in a proceeding to acquire lands for street purposes. The city
opposes the application on the ground that the commissioners have
included in the awards damages to buildings not taken, but abutting
on the streets and avenues proposed to be opened, caused by the
change of the grade of such streets from the grade physically exist-
ing prior to these proceedings to the grade shown on the profile map
approved by the board of estimate and apportionment in May, 1911,
which is the map referred to in the resolution authorizing the acquisi-
tion of the property for and the opening and regulation of the pro-
posed avenues.

[1] At common law damages occasioned abutting owners by a
change of grade were not recoverable. Matter of Mayor, Perry Ave-
nue, 118 App. Div. 874, 103 N. Y. Supp. 1069. The remedy is statuto-
ry. Section 980 of the Charter (Laws 1901, c. 466), governing proceed-
ings for acquiring land for street and other purposes, provides that:

 "If the said commissioners of estimate * * * shall judge that any in-
tended regulation will injure any building or buildings not required to be
taken for the purpose of opening, extending, enlarging, straightening, altering
or improving such street or part of a street, they shall proceed to make, to-
gether with the other estimates and assessments required by law to be made
by them, a just and equitable estimate and assessment of the loss and dam-
age which will accrue, by and in consequence of such intended regulation, to
the respective owners, lessees, parties and persons, respectively, entitled unto

or interested in the said building or buildings so to be injured by the said intended regulation; and the sums or estimates of compensation and recompense for such loss and damage shall be included by the said commissioners in their report."

The city contends that it has been established as a rule by Matter of Rogers Place, 65 App. Div. 1, 72 N. Y. Supp. 459, and other cases:

"That persons who erect buildings upon the line of a street after the filing of the map establishing the grade thereof are not entitled to recover damages done to their buildings in consequence of the subsequent relation of the street in accordance with the grade thus established"—citing Matter of Rogers Place, 65 App. Div. 1, 72 N. Y. Supp. 459; Matter of Opening East 187th Street, 78 App. Div. 355, 79 N. Y. Supp. 1031; In re Parker Street [Avenue], N. Y. Law J. Aug. 20, 1912; Matter of West 172d Street, N. Y. Law J. Feb. 3, 1915.

The maps relied on were introduced in evidence. One was filed in 1889, and another map similar, so far as the present question is concerned, was filed in 1895. The buildings in question were constructed subsequent to the filing of both these maps, and the city contends that the commissioners, in view of the above alleged rule, erred in making any awards for damages to such buildings caused by the change of grade to conform to that shown in the profile map approved in May, 1911, above mentioned. Section 438 of the Charter of the City of New York provides for a city map or plan, of which the map filed in 1895 above mentioned is part, and further provides that such map may be changed by the board of estimate and apportionment. Section 970 of the Charter of the City of New York authorizes the city to take land for street purposes according to the city map and that the board may change the map. Under such provisions these proceedings were brought and the map of 1911 was adopted as part of the city map. As matter of fact the grades therein provided differ somewhat from the grades shown on the 1889 map and the 1895 map, so that the property holders could not in any view of the matter have had notice by reason of the latter two maps of all the grades to be made in this proceeding, and to that extent the rule claimed to have been laid down in the Rogers Place Case can have no application; but this point need not be dwelt on, in view of the conclusion arrived at, as hereinafter stated. The rule invoked by the city in the broad sense now contended for, if ever so broadly enunciated, has not received the unanimous support of the authorities. See Matter of Rogers Place, 65 App. Div. 1, 72 N. Y. Supp. 459, the original case; Matter of Opening East 187th Street, 78 App. Div. 355, 79 N. Y. Supp. 1031; Matter of Mayor, Tiffany Street, 84 App. Div. 525, 82 N. Y. Supp. 852; People ex rel. Bennett v. Dickey, 148 App. Div. 663, 133 N. Y. Supp. 221.

[2] It is unnecessary, however, to pursue further the questions thus raised, for in Matter of Mayor, Briggs Avenue, 84 App. Div. 312, 82 N. Y. Supp. 575, it was held that the rule prohibiting the recovery of an award for damages to buildings by the physical change in the grade could not be invoked, unless the map filed clearly and unmistakably indicated the grade of the street in question; that it was not sufficient, if left in doubt, or to be inferred from the grade of other streets, or from anything else. In that case the map filed was deemed

insufficient to apprise property owners of the grade established, and they were held entitled to awards. A comparison of the map there held insufficient with the maps filed in 1889 and 1895, and relied on in the case at bar, is certainly not in favor of the latter. They are equally open to the objections referred to in that case. This is conclusive of the question here involved.

It is suggested by the city that, if the maps of 1889 and 1895 are not sufficiently definite to give notice to property owners, they are not so for the purposes of an award; that is, as a basis for fixing the damages. It is not easy to see the force of this. As above pointed out, by duly authorized resolution the board of estimate and apportionment has approved a map showing a proposed grade for the streets to be opened under these proceedings, and it is this map or grade which is the basis upon which the awards have been made. There is no suggestion that this latter map, approved in 1911, is indefinite.

Report confirmed. The order may direct payment to claimants, instead of unknown owners, where the corporation counsel consents. Settle order on notice.