In the Matter of the Application of ESTHER RUTH HALPERN and THEODORE HALPERN, Petitioners, for an Order of Certiorari against THOMAS W. WHITTLE and Others, Composing the Board of Assessors of the City of New York, and FRANK J. TAYLOR and Others, Composing the Board of Revision of Assessments of the City of New York, Respondents.

Second Department, February 19, 1937.

*Joseph B. Kenny* [*Harry B. Chambers* and *Harry H. Chambers* with him on the brief], for the petitioners.

*Alfred D. Jahr* [*Paul Windels, Corporation Counsel,* and *Paxton Blair* with him on the brief], for the respondents.

PER CURIAM. The petitioners, Esther Ruth Halpern and Theodore Halpern, are seeking a review of the determination of the board of assessors of the city of New York in refusing to entertain the petition of Esther Ruth Halpern for damages for a change of grade affecting her premises on Flatbush avenue, Brooklyn, and the determination of the board of revision of assessments confirming such determination. There is practically no dispute concerning the facts.

In 1872 (Laws of 1872, chap. 822) the statute provided for the acquiring of title to lands and the laying out and construction of an extension of Flatbush avenue. Condemnation proceedings were had in or about 1872, and the grade of the street was fixed and constructed at the natural grade, and so it remained physically until about 1932.

In 1894 there was filed in the office of the town clerk of Gravesend a map which made changes in the original grade. Subsequently that town became a part of Brooklyn. In 1910 the city, by contract, paved a portion of this street which included that part of Flatbush avenue in front of the premises. The pavement was laid at the same grade as had theretofore existed and without regard to the 1894 map, which was apparently either forgotten or abandoned. The expense of paving, at least in part, was assessed on the property of adjacent owners. This, we think, established the grade of the street by lawful authority (Greater New York Charter, § 951) and constituted a repudiation of the old map by official action.

In 1925 the house on which damage is claimed was erected in conformity with the grade long existing by virtue of statute and official action. In 1931 the city filed a new grade map, affecting this part of the street and similar in some respects to that of 1894, which prior to that time had never received any official recognition. Apparently this new map was to provide for paving at a higher grade, for there has been a filling-in of the street so that the petitioner's house is left below the new grade. Her claim for damages has been disallowed on the ground of non-conformance with the legal grade — by which is meant, we assume, the grade established on paper in the map of 1894.

In the light of subsequent events, we think that, in 1925, petitioner was not required to build her house to that grade. She had a right

to rely on the grade, long existing and unquestioned, which was ratified by the city in paving in 1910. Other questions raised in the briefs do not require consideration.

The certiorari proceeding should be sustained and the determinations of the boards annulled, with fifty dollars costs and disbursements, and the matter remitted to the boards to proceed in respect to damages or otherwise as the parties may be advised.

CARSWELL, DAVIS and JOHNSTON, JJ., concur; LAZANSKY, P. J., and TAYLOR, J., dissent and vote to confirm the determinations and dismiss the proceeding, with memorandum.

LAZANSKY, P. J., and TAYLOR, J. (dissenting). In 1925, when the building in question was constructed, the established grade of Flatbush avenue in front of the premises was that shown by the map filed by the local board of the town of Gravesend in 1894. Concededly, the construction was not in conformity with that grade. Therefore, the petitioner had no right to damages because of the subsequent change of grade by the city of New York. (Greater New York Charter, § 951.) The partial paving of Flatbush avenue in 1910, consisting of the improvement of a strip 4,263 feet long and 20 feet wide, located in the center of the highway, which paving was in conformity with the natural grade, which was the grade of Flatbush avenue established in 1872–1873, and the cost of which improvement in 1910 was assessed against and paid by the abutting owners, was insufficient legally to show an abandonment by the city of the established grade of 1894 (*People ex rel. Sciarillo* v. *Hennessy*, 206 N. Y. 740, affg. 152 App. Div. 944, affg. 2 Bradbury's Plead. & Prac. Rep. 63, opinion of GERARD, J., at Special Term; *Effinger* v. *Hennessy*, N. Y. L. J. June 8, 1912, p. 1285, opinion of CRANE, J., at Special Term), which still obtained as the established grade in 1925. Nor did such partial pavement and the assessment therefor constitute the lawful establishment of a grade by the city of New York in 1910. The city is not estopped from asserting that the grade established in 1894 was in force at the time of the construction in 1925.

Determination of the board of assessors of the city of New York and the determination of the board of revision of assessments confirming such determination annulled, with fifty dollars costs and disbursements, certiorari proceeding sustained, and the matter remitted to the boards to proceed in respect to damages or otherwise as the parties may be advised.