In the Matter of the Application of ANELLO and PASQUALINA MELLILO, Petitioners, for an Order against FREDERICK J. H. KRACKE and Others, Composing the Board of Assessors of the City of New York, and JOSEPH D. McGOLDRICK and Others, Composing the Board of Revision of Assessments of the City of New York, Respondents. (Proceeding No. 1.)

In the Matter of the Application of KAZIMIERZ and STELLA KOLCZYNSKI, Petitioners, for an Order against FREDERICK J. H. KRACKE and Others, Composing the Board of Assessors of the City of New York, and JOSEPH D. McGOLDRICK and Others, Composing the Board of Revision of Assessments of the City of New York, Respondents. (Proceeding No. 2.)

In the Matter of the Application of TEDDY SKOVRONSKY, Petitioner, for an Order against FREDERICK J. H. KRACKE and Others, Composing the Board of Assessors of the City of New York, and JOSEPH D. McGOLDRICK and Others, Composing the Board of Revision of Assessments of the City of New York, Respondents. (Proceeding No. 3.)

First Department, April 10, 1941.

*Joseph B. Kenny* of counsel [*Harry B. Chambers* and *Harry H. Chambers* with him on the brief; *Chambers & Chambers*, attorneys], for the petitioners.

*Alfred D. Jahr* of counsel [*Julius Isaacs* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondents.

COHN, J. Petitioners are home-owners in the Country Club section of the Bronx. Their residences were constructed under permits issued by the building department on March 26, 1924, September 10, 1926, and May 6, 1924, respectively. The legal grade of the street upon which petitioners' buildings abutted was established by a map filed March 3, 1924, and described as Section 57 of the Final Maps of the City of New York. ' The buildings of petitioners were erected on the natural surface grade of the land and not in conformity with the grade shown upon the filed map. The property of the petitioners Mellilo fronts on Middletown road between Dwight place and Robertson place in the county of Bronx; the land belonging to petitioners Kolczynski and that owned by petitioner Skovronsky are also located on Middletown road on the block adjoining, between Robertson place and Kennellworth place.

On August 4, 1931, the city of New York entered into a contract for raising the physical grade of Middletown road in front of the property belonging to the respective petitioners in accordance with the grade shown upon the filed map. The work was completed on April 23, 1932, and accepted by the city on April 27, 1932.

Petitioners thereafter filed claims with the board of assessors for damage to their buildings resulting from the change of grade. They contended that Section 57 of the Final Maps of the City of New York did not constitute adequate or legal notice of establishment of a grade with regard to their respective properties because the map showed elevations or grades only at intersecting streets; and that they, as owners of property in intervening blocks, were not bound by elevations shown on such a map.

The board of assessors conducted an inquiry at which the final map was received in evidence. There was adduced testimony

concerning the sufficiency of the map by numerous qualified experts, to wit, engineers, builders, surveyors and an architect. In addition, there was proof before the board that building plans which had been filed by petitioners Mellilo and by petitioner Skovronsky showed the legal grade as set forth upon the filed map. At the conclusion of the hearings, the board of assessors disallowed the claims and the board of revision unanimously confirmed the disallowance on the ground that the buildings of petitioners were constructed in disregard of the legal grade established by Section 57 of the Final Maps of the City of New York, which were on file when petitioners improved their property. It is this determination which is under review.

This court has power to annul determinations of the board of assessors and of the board of revision of assessments of the city of New York refusing to allow damages for change of grade and may remit the matter to said boards to proceed in respect of damages as the parties may be advised. (*Matter of Halpern* v. *Whittle*, 250 App. Div. 23; affd., 274 N. Y. 506.)

By statute, the map of any section of the city when completed and adopted and filed as required by law (Greater New York Charter, § 439), " shall be deemed to be final and conclusive with respect to the location, width and grades of the streets shown thereon." Section 57 of the Final Maps of the City of New York was prepared by the president of the borough of the Bronx and after due advertisement and a public hearing at which property owners were afforded the opportunity of presenting their objections, it had the concurrence and approval of the board of estimate on April 13, 1923, of the mayor on April 4, 1923, and was duly filed on March 3, 1924. The map having been legally adopted, it is deemed final and conclusive with respect to the location, width and grades of the streets shown thereon. The provisions relating to the preparation of final maps of the city of New York are all contained in title 4 of chapter X of the Greater New York Charter (now N. Y. City Administrative Code [effective since Jan. 1, 1938], §§ 198a–1.0 *et seq.* and 199b–1.0 *et seq.;* Laws of 1937, chap. 929).

The right to change of grade damages is purely statutory. (*Sauer* v. *City of New York*, 180 N. Y. 27; affd., 206 U. S. 536.) An owner has no constitutional right to recover damages for change of grade and he is only entitled to such damages as have been expressly authorized by the Legislature. (*People ex rel. Architects' Offices, Inc.,* v. *Ormond*, 201 App. Div. 787; affd., 234 N. Y. 549.) In that case this court, by LAUGHLIN, J., said (at pp. 791 and 792): " Here the relator has no constitutional right to recover damages for this change of grade [case cited] and it is only entitled to such damages as have been expressly authorized by the Legislature. It was, there-

fore, entirely competent for the Legislature, in authorizing claims, to place such limitations thereon as it saw fit; and consequently it was perfectly proper for it to provide that any owner, building on his property after the grade of the street upon which the property abutted had been legally established, must, if he wished to claim damages, build according to the legally established grade, regardless of whether the street had been actually graded in accordance therewith or not, and that in the event of a subsequent change in the grade of the street, he should have no damages unless he originally built according to the legally established grade * * *."

The Greater New York Charter provided (§ 951, now N. Y. City Administrative Code, § 307a–3.0; Laws of 1937, chap. 929, pp. 126–127) that there shall be no liability for originally establishing a grade or for changing an established grade, except (1) when an owner has built upon or otherwise improved his property prior to the original establishment of a grade by lawful authority, or (2) when an owner has built upon or otherwise improved his property in conformity with the grade of any street or avenue established by lawful authority and such grade is changed after such buildings or improvements have been erected. In such instances awards may be made upon compliance with the provisions of the statute as they were set forth in the Greater New York Charter and as now outlined in the Administrative Code.

In the case at bar, petitioners constructed their improvements in absolute disregard of the legal grades after the legal grades had been established by the map duly filed. Accordingly, they may not obtain damages in any view of the statute. The law is well settled that where maps lawfully adopted and filed show the legal grades, and where, as here, there is a non-conformance with those grades when improvements to the land are made, there is no basis for an allowance or an award for subsequent regulation of a street. (*People ex rel. Architects' Offices, Inc.*, v. *Ormond, supra; People ex rel. Rothschild* v. *Muh*, 101 App. Div. 423; affd., 183 N. Y. 540; *Matter of Opening East 187th Street*, 78 App. Div. 355; *Matter of Rogers Place*, 65 id. 1.)

Petitioners rest their claims upon the claim that the grade map filed on March 3, 1924, did not sufficiently apprise the property owners of the legal grade. This contention we find to be without merit. An inspection of Section 57 of the Final Maps shows that there could not be the slightest confusion or indefiniteness as to the legal grades thereby established. Upon each and every street there is a grade shown, not only at the intersections, but by numerals in many instances within the block where the grade is other than a straight line between the grades at curb intersections. The grades of all streets, including those involved in this case, are clearly and

unmistakably set forth in large vertical red figures upon the map. In the lower right-hand corner of the map is to be found the explanatory legend: " The large vertical red figures represent the grades hereby established."

Petitioners rely upon the case of *Matter of Mayor* (*Briggs Avenue*) (84 App. Div. 312). That authority recognizes the rule that persons who erect buildings upon the line of a street after the filing of a map establishing the grade thereof are not entitled to recover any damage to their buildings in consequence of the subsequent regulation of the street in accordance with the established grade. The opinion does state that " before this rule can be invoked, the map filed must clearly and unmistakably indicate the grade of the street. That fact must not be left in doubt or to be inferred either from the grades of other streets or anything else. Nothing short of this will answer the purpose " (p. 314). However, upon the evidence adduced before the boards in this case and upon an inspection of the map on file, we are of the view that the grade of the street is clearly and unmistakably indicated. In fact, it is difficult to apprehend just what other information should have been furnished which would better inform petitioners as to the legal grades of all streets shown upon said map.

We fully agree with the conclusion of the chairman of the board of assessors, as set forth in his opinion wherein he says: " To hold that this grade map was insufficient to apprise an owner of the existing legal grades would be in effect abrogating the provisions of the law requiring an owner to build and improve in conformity with the legal grade and would throw the door open to permitting all owners to recover damages for any grading whether they built in conformity with the grade or not. The Board feels that such a function is with the Legislature and not with the Board of Assessors. To disregard this map would also be equivalent to disregarding all maps showing the legal grades of streets and would be in effect substituting a whim of the Board of Assessors in lieu of the clear provisions of law."

The determinations of the board of assessors and the board of revision were correct, they should be confirmed, with fifty dollars costs and disbursements, and the petitions should be dismissed.

MARTIN, P. J., UNTERMYER and CALLAHAN, JJ., concur; DORE, J., dissents and votes to annul the determinations of the respondents and to allow the claims of the petitioners for the damages sustained on the authority of *Matter of Mayor* (*Briggs Avenue*) (84 App. Div. 312).

Determinations confirmed, with fifty dollars costs and disbursements to the respondents, and the petitions dismissed.