■ COASTAL OIL NEW YORK, INC., Appellant, v CITY OF NEW YORK, Respondent. [640 NYS2d 208] —In an action, *inter alia,* to recover damages pursuant to Administrative Code of the City of New York § 3-318 for the elevation of the legal grade of a roadway adjacent to the plaintiff's property and for an alleged taking of property for public use without just compensation, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Lerner, J.), dated June 2, 1994, as granted the defendant's motion for summary judgment with respect to the plaintiff's first and fifth causes of action, and (2) an order of the same court, dated November 2, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 2, 1994, is dismissed, as that order was superseded by the order dated November 2, 1994, made upon reargument; and it is further,

Ordered that the order dated November 2, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court correctly found that Administrative Code of the City of New York § 3-318 (a) (2) applied as to the first and fifth causes of action of the plaintiff's complaint. The plaintiff alleged only consequential damages resulting from the City's act in regrading a street abutting the plaintiff's property. It is well settled that an abutting landowner has no constitutional right to recover damages for a change of grade and is only entitled to such damages as have been expressly authorized by the Legislature (*see, People ex rel. Architects' Offs. v Ormond,* 201 App Div 787, *affd* 234 NY 549; *Sauer v City of New York,* 180 NY 27, *affd* 206 US 536; *Radcliff's Ex'rs v Mayor of City of N. Y.,* 4 NY 195; *Mellilo v Kracke,* 261 App Div 631).

To be entitled to damages pursuant to Administrative Code of the City of New York § 3-318, a party must establish, *inter alia,* that there were damages to buildings and improvements which resulted from a change in grade. We agree with the Supreme Court that the plaintiff did not allege damages to any building or improvement. Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.