THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY
  E. JANES, as Administrator de Bonis Non of the Estate
  of EDWARD R. JANES, Deceased, Appellant, v. WILLIAM
  D. DICKEY et al., as Commissioners under the Change
  of Grade Damage Acts, et al., Respondents.

Streets — New York (city of) — damages caused by change of
grade of a street should be awarded to person owning property
when change is actually made.

Under the statute (L. 1893, ch. 537; amd., L. 1894, ch. 567) which
provides that persons owning lands in the city of New York who
sustain damage by reason of a change of grade of a street may
recover damages against the city, the compensation should be
awarded to the owner of the property when the physical change is
actually made rather than to the owner at the time of the filing and
adoption of the maps and plans for the change of grade. (*People
ex rel. Bennett* v. *Dickey*, 148 App. Div. 663, 666, approved.)
  *People ex rel. Janes* v. *Dickey*, 151 App. Div. 941, affirmed.

(Argued November 21, 1912; decided December 10, 1912.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
July 11, 1912, which dismissed upon the law, and not in
the exercise of discretion, a writ of certiorari and con-
firmed a determination of the defendant commissioners in
a proceeding by relator to recover damages to his premises
alleged to have been occasioned by a change of grade
under the statutes familiarly known as the Change of
Grade Damage Acts.

The facts, so far as material, are stated in the opinion.

*Barclay E. V. McCarty, Jared G. Baldwin, Jr.,* and
*John M. Harrington* for appellant. The appellant should
be indemnified for the depreciation in market value that
resulted, during his intestate's ownership, from the legal
establishment of the changes of grade. (*People ex rel.
C. T. Co.* v. *Prendergast,* 202 N. Y. 188; *Matter of*

*Borup,* 182 N. Y. 222; *People ex rel. Janes* v. *Stillings,* 197 N. Y. 550.)

*Archibald R. Watson, Corporation Counsel (Charles J. Nehrbas* and *Terence Farley* of counsel), for respondents. The appellant is not entitled to damages as matter of law. (*People ex rel. City of New York* v. *Stillings,* 134 App. Div. 480; 200 N. Y. 525; *People ex rel. Brisbane* v. *Zoll,* 97 N. Y. 207; *People ex rel. Bennett* v. *Dickey,* 148 App. Div. 666; *People ex rel. Kurtzman* v. *Green,* 7 Hun, 231; *People ex rel. City Church* v. *Coler,* 60 App. Div. 79; *Matter of Mayor [Vyse Street],* 80 App. Div. 624; *Johnson* v. *Pettit,* 120 App. Div. 780; *People ex rel. Stephens* v. *Phillips,* 88 App. Div. 564; *People ex rel. O'Reilly* v. *Common Council,* 114 App. Div. 326; *Tyson* v. *Milwaukee,* 50 Wis. 78.)

WERNER, J. This proceeding is before us on a second appeal. On the first appeal (197 N. Y. 548) the only question was whether the commissioners were right in deciding that they had no jurisdiction to consider the appellant's claim. We held that they had jurisdiction, and this led to a reversal of the order confirming their determination, with a direction that the matter be heard and considered upon the merits. On the present appeal we are called upon to review an order affirming the determination of the commissioners upon the merits, to the effect that the claimant is not entitled to damages.

The statute upon which the appellant rests his claim is chapter 537, Laws of 1893, as amended by chapter 567, Laws of 1894, and the material part thereof reads as follows: "All persons owning lands, tenements or hereditaments in * * * the city of New York, which lands, tenements or hereditaments have sustained damages, or will sustain damages, by reason of a change of grade of any street or avenue, (which change was made in conformity with the provisions of certain acts enumerated in

the statute), shall be entitled to prove and recover the same from the mayor, aldermen and commonalty of the city of New York, as hereinafter provided."

The question is: Who is entitled to the compensation provided for in this statute; the owner of the affected premises at the time when the maps and plans for the change of grade are filed and adopted, or the owner at the time when the physical change of grade is actually made pursuant to the maps and plans? The commissioners decided that the appellant, who was the owner of the affected premises at the time when the maps and plans were filed, but was not the owner when the physical change of grade was made, is not entitled to damages, and this determination has been affirmed by the Appellate Division. The correctness of this disposition of the proceeding depends upon the construction of the statute, which is to be considered in the light of the facts established by the claimant, whose claim was filed under chapter 537 of the Laws of 1893, as amended by chapter 567 of the Laws of 1894. By chapter 545 of the Laws of 1890 it was provided that the changes of grade appearing on the final maps and profiles when legally established shall be "final and conclusive," and "shall not be subject to any future change or modification." The facts pertinent to the filing of this claim are as follows: From 1880 to December, 1896, the appellant's intestate was the owner of premises fronting on Westchester avenue and St. Ann's avenue in the twenty-third ward of the city of New York. During that ownership, and as far back as 1868, both of these streets were physically in use upon the original grades. In March, 1894, the commissioner of street improvements filed maps showing contemplated changes in the established grades of these streets. On December 7, 1896, or two years and nine months after the filing of the maps for change of grade, the appellant's intestate sold the premises, but expressly reserved the right to any award for damages under the claim which he had previously filed; and at the time of such sale the change of grade

provided for in the maps filed in 1894 had not been physically made.

The appellant contends that the change of grade was established by the filing of the maps, for they were to be "final and conclusive" and not "subject to any future change or modification," and he argues that the damage was then inflicted upon his property, since from that time forth no purchaser would take the premises except at a reduction corresponding to the depreciated value caused by the filing of these "final and conclusive" maps. The respondent takes the position that the owner at the time when the new grade is actually worked is the only one who can claim an award of damages under the statute.

When we turn to the statute (L. 1893, ch. 537; amd., L. 1894, ch. 567) we find nothing in the text which sheds any direct light on these opposing contentions. Its language is that "all persons owning lands, tenements or hereditaments * * * which * * * have sustained damages, or will sustain damages, by reason of a change of grade of any street or avenue * * * shall be entitled to prove and recover the same." There is here no indication whether the legislature intended that the damage caused by a change of grade should be recoverable by the person who is owner when the maps are filed, or by one who is owner when the grade is physically worked. Theoretically the question might be decided either way without doing violence to the language of the statute. There are certain practical considerations, however, which incline us to take the view presented by the respondent. While it is true that the filing of a map for change of grade which is declared to be "final and conclusive," may immediately affect the value of premises, it is also true that one legislature cannot bind another, and that such statutes can be repealed or amended before there is any physical change of grade. We need not go beyond this proceeding for an illustration of the exercise of this legislative power. The city is here contending

that the actual change of grade in these affected streets was made in accordance with maps filed in 1904 by the board of estimate and apportionment pursuant to section 442 of the city charter which went into effect in 1898. If that is true, the appellant would in no event be entitled to damages under the statute of 1893, as amended in 1894. We deem it unnecessary to decide whether that is the fact, for we have concluded that under the statute which the appellant invokes it is best to hold that he who is owner when the physical change of grade is effected is entitled to the damage which the property suffers. This disposition of the question seems to subserve the interests of all concerned. If there is never any physical change there is no real damage. When the physical change is actually made, which may be after a long lapse of time, the then owner is entitled to the award. And while this may seem to be a hardship upon him who is owner when the maps are filed it is in fact not so, for once it is settled that the award goes to him who is owner when the physical change is made, every seller may demand his full price, since every purchaser may buy with the assurance that he will suffer no loss from the mere filing of maps.

This view is fortified by decisions made under similiar statutes. In *People ex rel. Brisbane* v. *Zoll* (97 N. Y. 203, 208) this court had occasion to consider a section of the charter of the city of Buffalo which limited the time within which claims could be filed for damages caused by change of grade. There the city claimed that the notice of claim had not been filed in time because more than a year had elapsed since the filing of the maps by which the change of grade had been legally established, while the claimant asserted that his notice was good because it was filed within the year after the actual change of grade. Upon that subject the late Judge FINCH said: " Taking into account the purpose of the statute, and the results likely to follow from the construction asserted, we are of opinion

that the time within which claims are to be presented runs from the actual change of grade. Until then the adjoining property suffers no real injury; the common council is left free to rescind its resolution or modify the alteration; the abutter is certain to know when his time to prosecute begins to run; and the real instead of imagined or speculative damages can be awarded." In a similar case (*Eachus* v. *City of Los Angeles,* 103 Cal. 621) the court expressed the view that "The damage sustained by the plaintiff was caused by the actual grading of the street and not by the ordinance fixing the grade. Until the physical condition of the street was changed, the lot had received no actual damage for public use. The enactment of the ordinance rendered it possible that the street would at some time be reduced to that grade, but a mere paper grade did not affect the condition of the lot or impair its use or enjoyment. Any diminution in value that it might sustain from the mere passing of the ordinance was purely speculative and contingent upon the time when grading should be done and would no more constitute the damage contemplated by the constitution than would a diminution in its value resulting from excessive taxation or the contracting of a municipal debt." The same conclusion was reached by the Appellate Division of the first department in the case of *People ex rel. Bennett* v. *Dickey* (148 App. Div. 663, 666) where the court construed the very statutes now before us, and held that "the more equitable and certain rule is to award damages to the property as it exists when the physical change is effected."

The order of the Appellate Division should be affirmed, with costs to the respondent.

Cullen, Ch. J., Gray, Haight, Vann, Willard Bartlett and Hiscock, JJ., concur.

Order affirmed.