### In re WEST 172D STREET IN CITY OF NEW YORK. (No. 7229.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

EMINENT DOMAIN ⬳124—ESTABLISHMENT OF GRADE—DAMAGES.

> Under Greater New York Charter (Laws 1901, c. 466) § 980, providing that if commissioners of estimate shall judge that any intended regulation will injure any building not required to be taken for the purpose of opening, extending, or improving a street, they shall make just and equitable estimate and assessment of the damage which will accrue in consequence of such intended regulation to the owners and persons entitled to or interested in the building, an owner of a building erected with reference to the natural grade of a street after the filing of a map showing the established grade, but before the city had taken any steps to open or regulate the street or given any intention of any immediate purpose to do so, was entitled to his damages from the lowering of the grade to the grade so established; it appearing that the building was constructed seven years after the map was filed and eight years before any further steps were taken by the city, and it not appearing that he erected the building with a view to mulcting the city in damages.
>
> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–344; Dec. Dig. ⬳124.]

Appeal from Special Term, New York County.

Application by the City of New York relative to the opening and extending of West 172d Street from Inwood Avenue to Jerome Avenue. From so much of an order confirming the final report of the Commissioners of Estimate herein as overruled the objections of William C. Arnold, owner of the building known as Damage Parcel No. 1A to the confirmation of such report and confirmed the action of the Commissioners in respect thereto, Arnold appeals. Reversed, objections sustained, and matter referred to new Commissioners.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Lawrence E. French, of New York City, for appellant.
Joel J. Squier, of New York City, for respondent.

DOWLING, J. The commissioners reported that they had made "no award for damage to this parcel for the reason that said buildings were erected subsequent to the establishment of the grade." The own-

er claimed damages by reason of the intended regulation of West 172d street.

The map showing the established grade of West 172d street was filed in the office of the register of the city and county of New York on December 17, 1895, and at about the same time in the other public offices wherein it was required by law to be filed. Thereafter, and between the fall of 1902 and the summer of 1903, no steps whatever having been taken by the city of New York to open or regulate said street, and there being no indication of any immediate purpose so to do, the owner erected the building in question upon the lot; the same being constructed upon the natural grade, and not upon the grade as indicated upon the map. This building was set back 16 feet from the street line; the platform of the porch being 10 feet, and the steps thereto 2 feet, back from said line. The land now included in the bed of West 172d street had been actually in use as a street for the public for many years prior to 1895. On June 29, 1911, the board of estimate of the city of New York directed the corporation counsel to apply for the appointment of commissioners of estimate in proceedings to acquire title to West 172d street, which he did by petition, verified May 8, 1912, and the commissioners were appointed May 23, 1912. Meantime, and on March 1, 1912, the claimant, William C. Arnold, became the owner of the premises on which the building in question was erected, by virtue of a referee's deed, after a sale in foreclosure. No part of the land on which the building stands is taken in the proceeding, and the damage claimed is solely to the building. This claim is based on sections 979 and 980 of the Greater New York Charter. The latter of these, so far as it is material to the question now before us, reads as follows:

"Sec. 980. * * * If the said commissioners of estimate shall judge that any intended regulation will injure any building or buildings not required to be taken for the purpose of opening, extending, enlarging, straightening, altering or improving such street or part of a street they shall proceed to make, together with the other estimates and assessments required by law to be made by them, a just and equitable estimate and assessment of the loss and damage which will accrue, by and in consequence of such intended regulation, to the respective owners, lessees, parties and persons respectively entitled to or interested in the said building or buildings so to be injured by the said intended regulation; and the sums or estimates of compensation and recompense for such loss and damage shall be included by the said commissioners in their report and included in whole or in part in the assessment for benefit, provided the board of estimate and apportionment so specifically directs."

By the regulating of West 172d street, the street in front of the claimant's building will be depressed 1.8 feet, and it is claimed that such cut in the street would necessitate the practical reconstruction of the stoop, besides the possibility of other expense incident to changes in the front of the house, regrading, altering the entrance into the basement, and lowering the supply pipes. Evidence was given as to the total damage claimed to have been caused by the intended regulation, an expert testifying as to the value of the building before and after such regulation; but on motion of the city's representative the commissioners struck out all evidence offered by the claimant "with reference to said regulating and grading damages," basing their ruling on the fact that "the building was erected subsequent to the establishment

of the grade." Had the commissioners allowed the evidence to stand, and then awarded nominal damages to the claimant, we should not be disposed to disturb their finding, for the original proof herein would not have justified more than such an award. But the commissioners proceeded upon an entirely erroneous theory, and their refusal to make any award whatever to the claimant cannot be sustained.

The earlier decisions were not in harmony as to the right of the owner of a building, erected after the establishment of the grade of a street (but before it was actually opened), to recover the damages done to his building by the subsequent regulation of the street. Matter of Rogers Place, 65 App. Div. 1, 72 N. Y. Supp. 459; Matter of Briggs Ave., 84 App. Div. 312, 82 N. Y. Supp. 575; Matter of Tiffany Street, 84 App. Div. 525, 82 N. Y. Supp. 852; In re Vyse Street (Sup.) 95 N. Y. Supp. 893; Matter of Parker Street, N. Y. Law Journal, Aug. 20, 1912. Attention was called to these cases and the conflict between them in People ex rel. Bennett v. Dickey, 148 App. Div. 663, 133 N. Y. Supp. 221 (approved in Peo. ex rel. Janes v. Dickey, 206 N. Y. 586, 100 N. E. 462). While that was the case of an award made for a change of grade, the principle therein determined is equally applicable to the case at bar, which was (following Forster v. Scott, 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543) that to restrict or limit the free use of property is equivalent to taking property, for "all that is beneficial in property arises from its use and the fruits of that use, and whatever deprives a person of them deprives him of all that is desirable or valuable in the title and possession." The court then proceeded to say (148 App. Div. page 666, 133 N. Y. Supp. page 223):

"The actual damage is done, and the consequent loss incurred, when the physical change of grade takes place, and the damage should be estimated as of that time unless there are peculiar circumstances, not present in this case, which would render it inequitable so to estimate it. To hold otherwise would be in effect to hold that the damage was wrought, or at least begun, by the filing of a map showing the intended change of grade. If after such filing the owner was debarred, except at his own peril, from improving the property, his damage should, in equity, include an allowance for the loss of its use between the date of filing the map and the date of the physical change. But the more equitable and certain rule is to award damages to the property as it exists when the physical change is effected."

And this is in accord with Matter of City of New York, 196 N. Y. 255, 89 N. E. 814, 36 L. R. A. (N. S.) 273, 17 Ann. Cas. 1032, where the Court of Appeals was called upon to consider the claim of an owner who had erected a building upon his land after proceedings had been begun to condemn it for a public street, and his claim was rejected because it was found he had acted in bad faith. The court held, however, that, where there was no question of good or bad faith, a property owner is entitled to make the ordinary use of his land even between the commencement of condemnation proceedings and the final order vesting title in the city.

In the case at bar no question of bad faith is raised. There is no claim that the then owner improved his land by the erection of the building in question thereupon, with either knowledge, or reason to believe, that the city would immediately, or within a short time, actual-

ly open and regulate the street, so that his improvement was with a view to mulcting the city in damages rather than for the actual, normal legitimate use of the property.' As a matter of fact, he did not build until the city had failed for seven years to take any steps whatever to open the street or regulate it, and it was eight years more before it took steps to condemn the property required for street purposes. This made a total delay of fifteen years between the filing of the map showing the established grade and the action of the board of estimate in directing proceedings to acquire the land, and it was a year more before the corporation counsel acted and commissioners were appointed. It would be destructive of an owner's right to the enjoyment of his property to hold that he was debarred from improving the same for such an unconscionable length of time save in conformity to a grade that the city had shown no disposition to actually effect. To hold that an owner, in the exercise of good faith, is entitled to damages under such circumstances of course goes no further than to give him the right to his actual damage, which in many cases may be a very small amount. But in any event he is entitled to make his proof of damage, which the commissioners must consider and pass upon.

The order appealed from will therefore be reversed, with $10 costs and disbursements, in so far as it is appealed from; the objections interposed by the owner of damage parcel No. 1A sustained; and the matter of fixing the damage, if any, done to said parcel by the regulating of West 172d street referred to new commissioners for action. Settle order on notice. All concur.