# In the Matter of CARMINE ANTONELLI and Another.

Supreme Court, Kings County, September 24, 1930.

*Gollmar & Smith* [*Herbert G. Andrews* of counsel], for the petitioner.

*Maurice L. Rippe,* for the respondent Adams.

*Arthur J. W. Hilly, Corporation Counsel* and *Alexander S. Alienikoff, Assistant Corporation Counsel,* for other respondents.

BENEDICT, Official Referee. This proceeding came on for hearing on June 28, 1929, pursuant to an order made at Special Term on June 6, 1929, wherein it was directed that the application of the petitioners for an order directing payment of an award for damages by reason of a change of grade in East Twenty-sixth street, Brooklyn, N. Y., be referred to the undersigned " to take such testimony as may be produced * * * relative to the proof of title and possession of said award made and set forth in the petition herein and to determine as to who is entitled to the payment of said award aforesaid and to render his decision in accordance with such evidence as may be introduced before him with all convenient speed."

On November 29, 1929, the following memorandum was published in the *New York Law Journal:* " *Matter of Antonelli* — I do not clearly understand the involved facts in this proceeding, which is brought to determine the rights to an award for damages for a change of grade. The order of reference appears to authorize the official referee to hear and determine the facts, but I doubt if that was the intention of the Special Term. I suggest that application be made for a new order of reference to me, and I will then proceed on the testimony already adduced and such other evidence as any party may offer. The matter is not well presented and the counsel have submitted no briefs on their respective claims."

No further steps were taken until June 13, 1930, at which time the petitioners noticed the matter for " hearing additional proof." Briefs were submitted on June 24, 1930, and at the same time there was presented an agreed statement of facts, a copy of which is hereto annexed marked A.

The petitioners herein have applied for an order directing the comptroller of the city of New York to pay to them the sum of $4,000, with interest, awarded by the board of assessors on December 31, 1928, for damages accruing to premises 2618 East Twenty-sixth street, Brooklyn, N. Y., by reason of a change of grade in East

Twenty-sixth street in front of said premises. The petitioners claim this award by reason of their having obtained title to the said premises on September 30, 1927, before any work in connection with the change of grade had been done in East Twenty-sixth street. They further rely upon the contract under which they secured title, under the terms of which Robert Adams, as vendor, contracted with the petitioners as follows: " This sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining said premises, to the center line thereof, and all right, title and interest of seller in and to any award made or to be made in lieu thereof, and in any award for damage to said premises by reason of change of grade of any street; and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance of such title and the assignment and collection of any such award."

Adams, the vendor named in the contract above mentioned, opposes this application, and seeks an order directing payment of the award, on the theory that he was the fee owner of the property at the time the contract was made by the city of New York which necessitated the change of grade in East Twenty-sixth street, to wit, April 25, 1927, and that he was still the fee owner at the time work under this contract actually commenced, to wit, May 23, 1927. It is conceded by all parties to this proceeding that Adams did not have title to the premises in question at the time of making the aforesaid contract of sale with the petitioners, nor did he at any time thereafter become the fee owner thereof. Whether Adams is estopped from claiming the award, by reason of the clause in the contract of sale above recited, is not material.

It is undisputed that Adams owned the property at the time the contract occasioning the grade change from which the damage accrued was executed, to wit, April 25, 1927; he still owned it when the work actually commenced under the terms of the contract, to wit, May 23, 1927; and he remained the owner of the title until a foreclosure judgment and sale deprived him of it on July 2, 1927. On August 3, 1927, the referee in the foreclosure proceedings executed a deed to one Harry Pechter, who thereafter and on September 12, 1927, conveyed the title to one John Rogers, a stepson of Adams. Rogers subsequently, on September 30, 1927, conveyed title to the petitioners.

The only question to be determined on this reference, in my opinion, is the question of the ownership of the fee title at the time the damage accrued.

In reaching a conclusion on this point, the nature of the work to

be done under the contract which necessitated the change of grade and the circumstances connected with its execution must be considered. The contract provided for the erection of sewers in East Twenty-eighth street, East Twenty-seventh street, East Twenty-sixth street, Avenue Z, Voorhies, avenue, and other streets in the vicinity, and required that an embankment be placed on top of the sewers, thereby changing the grade of the streets. The testimony adduced on this hearing does not disclose the terms of the contract made by the city of New York for the construction of said sewers and grading said streets, nor any of its conditions. Apparently there was no obligation on the contractor to begin operations in any particular street; this matter was undoubtedly left to his direction. And, if he choose to commence at a point remote from East Twenty-sixth street (which is conceded to have been the fact), it is reasonable to assume that a long period of time might elapse between the date of commencement and the date of actual operations in East Twenty-sixth street. It is conceded that work under this contract began on or about May 23, 1927, in East Twenty-eighth street, north of Emmons avenue. The construction work in East Twenty-eighth street did not impair the property abutting East Twenty-sixth street, and no damage could accrue by reason of excavations being made at some distant point. At the time of the commencement of work under the contract (May 23, 1927), it could not be reasonably ascertained when the excavations which would cause damage to the property in East Twenty-sixth street would commence. It is conceded that work in East Twenty-sixth street did not actually begin until almost five months thereafter, to wit, during the week ending October 15, 1927.

I am of the opinion, and will so report, that the petitioners were the owners of the fee title on October 15, 1927, when work under the contract for the erection of the sewers and grading the street commenced in East Twenty-sixth street. The damages are caused when the physicial change of grade is made and the then owner is the one entitled to compensation. (*People ex rel. Janes* v. *Dickey*, 206 N. Y. 581.)

I do not believe that this determination conflicts with the rule laid down in *Johnson* v. *Pettit* (120 App. Div. 774, 780). In that case, the property in question was located on Riverside drive, and the damage accrued by reason of the erection of a viaduct in front of said premises. In writing the opinion of the court determining when the damage accrued, CLARKE, J., said: " It seems to me that inasmuch as it was the damage caused to the property by a deprivation of access to the Riverside drive which was to be paid for, when, long after the property had been deprived of said access,

the Legislature passed the act allowing compensation therefor, it must be held that it was intended to be given to those persons who owned the property when it was deprived of its access, and when the damage accrued. If that moment was not when the law was passed providing for the erection of the viaduct it must have been when it became certain that the work would be done. Whenever this period be fixed, as at the time of making the contract, or at the beginning of the work thereunder, this plaintiff was then the owner of the property."

It must be borne in mind that the damage accrued by reason of the erection of the viaduct on Riverside drive, and that, once the work of construction began, the street was obstructed and the rights of the owners of property abutting Riverside drive were impaired. The work to be done in that instance was on Riverside drive only, and not on some street or streets far removed from the premises suffering the damage, as in the case under consideration. Likewise, in *Gas Engine & Power Co.* v. *City of New York* (166 App. Div. 297), the work in connection with the elimination of the railroad crossing and the change of grade was confined to One Hundred and Seventy-seventh street, and did not extend to any other street in the vicinity.

For the reasons stated, I will recommend that the motion of the petitioners for the payment of the award be granted. Prepare a report in conformity with this memorandum and submit for my signature, after first having the same approved by the corporation counsel as to form.