WALTER W. COX et al., Appellants and Respondents, *v.*
THE CITY OF NEW YORK, Respondent, and THE NEW
YORK CENTRAL RAILROAD COMPANY, Respondent and
Appellant.

(Argued October 8, 1934; decided November 20, 1934.)

*John Jay McKelvey* for plaintiffs, appellants and
respondents.

*Kenneth O. Mott-Smith, Frederick L. Wheeler* and *Clive C. Handy* for New York Central Railroad Company, respondent and appellant.

Paul Windels, *Corporation Counsel* (*Alfred D. Jahr* and *Anson Getman* of counsel), for City of New York, respondent.

LOUGHRAN, J. This is an action for a mandatory injunction against the disturbance of easements of the plaintiffs in a public highway, with damages to the time of trial. The cause of action has been established only against the defendant railroad company, and the controversy between that defendant and the plaintiffs is, in substance, now reduced to the question whether the trial court, after denying an injunction, was warranted in directing that, in exchange for their property rights, the plaintiffs have judgment for a sum of money only.

The act complained of is the removal by the defendant railroad company of two bridges which carried the highway over its tracks. That defendant in good faith supposed that it owned the easements in question under a conveyance from the defendant city of New York. The

cost of restoration of the bridges would largely exceed the value of the rights invaded. Over their exception, the easements of the plaintiffs have been extinguished by the judgment for damages against the defendant railroad company. To the form of the judgment, the defendant railroad company expressly assented.

The result is challenged as transcending the equity jurisdiction of the court. The plaintiffs urge that, without their consent, they may not be made to accept relief which they did not and could not ask. They contend that they had no adequate opportunity to litigate an issue introduced by the court. A wrong has been sanctioned, so it is argued, because the wrongdoer is able and ready to pay money for the injury inflicted.

On the contrary, as we think, the judicial discretion committed to the court was soundly exercised in the exceptional circumstances.

Originally the Court of Chancery, although it might exact an account of the profits of a wrong, could not award damages. The Supreme Court is vested with both legal and equitable powers, but this fusion of administration did not abolish " the essential and permanent difference between legal and equitable relief. For the distinction between a judgment that the plaintiff recover land, chattels or money, and a judgment that the defendant do or refrain from doing a certain thing, is as vital and far-reaching as ever." (Ames, Lectures on Legal History and Legal Essays, 311. So, *Reubens* v. *Joel*, 13 N. Y. 488, 493; *Stevens* v. *Mayor*, 84 N. Y. 296, 304, 305; *Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75, 83; *Sadlier* v. *City of New York*, 185 N. Y. 408, 414; *Jackson* v. *Strong*, 222 N. Y. 149, 154; *City of Syracuse* v. *Hogan*, 234 N. Y. 457.)

The practice here adopted has no exact precedent in this court. " We have been referred to no case in this State where an equity court has assumed the authority to render judgment for prospective damages against a

wrong-doer, and, we think, in the nature of the jurisdiction of such courts, a suit brought for such a purpose alone is not authorized. To say, therefore, that an action in which the plaintiff has no legal right to demand permanent damages, and the court owes no legal duty to award them, affords the owner an adequate remedy for such damages, is to pervert the plain character of the action. While equity courts have frequently suspended the remedy, as they did in this case, by injunction upon conditions, as for a specified time, or until the wrong-doer has been afforded an opportunity to condemn the property invaded, or has satisfied the owner's damages, they have never, to our knowledge, rendered judgment for such damages or authorized the collection thereof by the owner." (*Galway* v. *Metropolitan Elevated Ry. Co.*, 128 N. Y. 132, 149.) When that language was written the Supreme Court lacked competency to determine the compensation to be made for private property taken for public use. The power now exists except when such compensation is to be made by the State. (Const. art. 1, § 7.) It is not disputed that the easements of the plaintiffs could have been acquired by the defendant railroad company through condemnation. The rule of injunction and alternative damages established by the elevated railroad cases (*Galway* v. *Metropolitan Elevated Ry. Co.*, *supra*) was declared in part upon the authority of English decisions which applied Lord Cairns' Act (21 & 22 Vict. ch. 27), authorizing an award of damages in substitution for an injunction. (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423. The authorities are collated in a note in 20 L. R. A. 752.) Lord Cairns' Act has been repealed (46 & 47 Vict. ch. 49), but the jurisdiction to give damages in lieu of an injunction continues in England. (Gale on Easements [11th ed.], pp. 552–557; Goddard on The Law of Easements [7th ed.], pp. 458–470.) So in this State, an action like the present is, in practical effect, a substitute for condemnation pro-

ceedings. (*American Bank Note Co.* v. *New York Elevated R. R. Co.*, 129 N. Y. 252, 270; *O'Reilly* v. *New York Elevated R. R. Co.*, 148 N. Y. 347, 357.)

An injunction with its alternative damages would have been as unacceptable to the plaintiffs as the present judgment. They took the position that they would be content with nothing less than the unconditional injunction demanded by them. Certainly they have not been aggrieved by the acceleration of receipt of their damages. The Special Term was of opinion that proof had been supplied of all factors upon which full compensation for the easements of the plaintiffs was to be fixed. It is true that the plaintiffs asserted the contrary. There was, however, no request by them for the chance to present additional evidence. It was perhaps going too far to direct that the mere entry of judgment should put an end to their rights, but the judgment is not questioned in that particular.

The judicial discretion of the Special Term was, we repeat, validly exercised in the state of the record.

The Appellate Division modified the judgment upon new findings, by reducing the damages awarded. We think that the new findings follow the weight of the evidence. The property to which the easements of the plaintiffs were appurtenant is situated in the county of Bronx, city of New York. The land is a mile distant from principal traffic arteries. It is vacant and unimproved, and has never been used for any purpose. Destruction of the easements in question leaves the property accessible over other thoroughfares. Upon a new trial of the issue of the amount of damages, the plaintiffs could add nothing to this record but further real estate expert testimony. That such proof would produce a substantially different result is quite unlikely.

The judgment dismissing the complaint against the defendant City of New York and the award to the plaintiff of $1,150 damages against the defendant railroad

company should be affirmed, without costs. The appeal of the New York Central Railroad Company has been marked withdrawn in accordance with the concession of that defendant.

POUND, Ch. J., CRANE, O'BRIEN and HUBBS, JJ., concur; LEHMAN and CROUCH, JJ., dissent.

Judgment accordingly.