Louis Moller, Appellant, *v.* New York Central Rail-
road Company, Respondent.

Argued January 12, 1940; decided March 5, 1940.

*Herman Spingarn* for appellant. The ruling of the Special Term that the action was against the State in the first instance was a disregard of the inviolability of the general jurisdiction of the Supreme Court as guaranteed by section 1 of article 6 of the State Constitution. (*Story* v. *N. Y. Elev. R. R. Co.*, 90 N. Y. 122; *Matter of Malloy*, 278 N. Y. 429.) Section 6 of the New York City Grade Crossing Elimination Act (L. 1928, ch. 677, as amd.) does not provide the exclusive remedy for the overlooked abutter. (*Klin Co.* v. *N. Y. Rapid Transit Corp.*, 271 N. Y. 376; N. Y. Const. art. I, § 6; *Story* v. *N. Y. Elev. R. R. Co.*, 90 N. Y. 122; *Matter of Malloy*, 278 N. Y. 429.)

*K. O. Mott-Smith* and *Clive C. Handy* for respondent. It was properly held that the Supreme Court was without jurisdiction. (*Askey & Hagar, Inc.*, v. *State*, 240 App. Div. 451; 266 N. Y. 587; *Caldwell & Ward Brass Co.* v. *State*, 161 Misc. Rep. 147; 251 App. Div. 781; 277 N. Y. 547.) Plaintiff's claim for damage to easements of light, air and access is governed by section 7 of chapter 677 of the Laws of 1928. (*Caldwell & Ward Brass Co.* v. *State of New York*, 161 Misc. Rep. 147; 251 App. Div. 781; 277 N. Y. 547; *Harrison* v. *New York Central R. R. Co.*, 255 App. Div. 183; 281 N. Y. 653.)

LEWIS, J. We are to determine whether the Supreme Court has jurisdiction to award damages claimed by a landowner for injury to the fee of his land and the impairment of easements of light, air and access in an abutting public street in which an elevated railroad structure has been erected as a part of work concededly completed pursuant to the New York City Grade Crossing Elimination Act (L. 1928, ch. 677, as amd.; McKinney's Cons. Laws, Book 65, §§ 2041–2056).

The question is presented by plaintiff's appeal, on constitutional grounds, from a judgment entered upon an order of the Appellate Division unanimously affirming a judgment of Special Term which dismissed the complaint herein without prejudice and solely for lack of jurisdiction.

The appellant, since 1922, has been the owner of a building at the northeast corner of Tenth avenue and West Thirtieth street in the city of New York. In the year 1933, as a part of the public improvement provided for by the New York City Grade Crossing Elimination Act, the railroad tracks formerly maintained by the respondent at grade in Tenth avenue were replaced on an elevated steel viaduct. By the present action in equity the appellant seeks to enjoin the respondent from operating its railroad on the elevated structure and to require respondent to remove such structure or, in the alternative, to pay the appellant damages for injury to the fee of his property and the impairment of appurtenant easements of light, air and access.

The appellant asserts that the erection of the elevated structure in 1933 and respondent's occupancy and use thereof since that time for purposes of railroad operation, were without authority or right; that appellant never consented to the erection of the elevated structure or to the use to which it has been put and that no proceedings have been taken by the respondent or in its behalf to condemn the property rights of the appellant or to compensate him for property rights thus injured.

The record comes to us in the form of a bill of exceptions in which the following facts are stipulated: That the fee to lands within the boundaries of Tenth avenue and West Thirtieth street has been in the Mayor, Aldermen and Commonalty of the City of New York since 1815 and 1841 respectively; that in conformity with the charter granted by the Legislature in 1846 to The Hudson River Railroad Company, respondent's corporate predecessor, and by permission given by the city of New York in 1847, The Hudson River Railroad Company and its successors have maintained tracks and operated a railroad since 1851 at

grade through Tenth avenue, at or near its intersection with West Thirtieth street, until 1933, when such tracks were removed from the street surface at that intersection and replaced upon an elevated steel structure; that the railroad grade crossing elimination on Tenth avenue at West Thirtieth street was accomplished in accord with the requirements of chapter 677 of the Laws of 1928, as amended, which is commonly known as the New York City Grade Crossing Elimination Act, and by which the Legislature provided for the alteration of the grade crossings of respondent's railroad on the west side of the borough of Manhattan; that after public hearings, held upon statutory notice, the New York Transit Commission entered orders by which it determined that public welfare required the elimination of certain grade crossings of respondent's railroad on the west side of the borough of Manhattan as a part of and in accord with a plan which was thereby approved; that thereafter the Transit Commission directed respondent to join with the city of New York in carrying out such plan which included the removal of respondent's rails from the street surface in Tenth avenue at West Thirtieth street and the erection of an elevated steel structure upon which respondent's railroad should be operated; that in accord with an agreement between the city of New York and the respondent, approved by the Transit Commission, as required by statute, the city conveyed to the respondent " the permanent rights and easements for the construction, equipment, maintenance and operation of the [respondent's] railroad * * * without interference or right of interference, as changed in location and grade as shown upon the Enlarged Plan, upon a viaduct structure with the necessary columns, foundations and supports thereof, to be constructed by * * * " the respondent, in the manner indicated upon the enlarged plan, over numerous parcels of land in the borough of Manhattan, including parcel No. 36, located within the street lines at or near the intersection of Tenth avenue and West Thirtieth street; that thereafter, in accord with orders of the Transit

Commission and under its supervision, the respondent performed the work necessary to accomplish the elimination of its highway grade crossing at the intersection of Tenth avenue and West Thirtieth street.

Against this background of stipulated facts we may consider the appellant's position that in choosing the tribunal in which to bring his present action he properly invoked the general jurisdiction of the Supreme Court. The Special Term and the Appellate Division have ruled in effect that, under applicable statutes, the appellant's claim is against the State of New York — not against the respondent — and, accordingly, that it is enforceable only in the Court of Claims.

In support of the appellant's position we are told that to rule that the Court of Claims has exclusive jurisdiction of the action now before us would encroach upon the " general jurisdiction " of the Supreme Court as defined by section 1 of article VI of the Constitution.

We believe that appellant's argument disregards a clause in section 7 of article I of the Constitution which was effective when issue was joined in the present action. " When private property shall be taken for any public use, the compensation to be made therefor, *when such compensation is not made by the state,* shall be ascertained by a jury, or by the supreme court with or without a jury, but not with a referee, or, * * * by not less than three commissioners appointed by a court of record, as shall be prescribed by law." (Cf. State Const. art. I, § 7, effective Jan. 1, 1939.)

Under this constitutional provision the inquiry suggests itself whether the alleged damage to plaintiff's property and appurtenant easements constitute a taking of private property " for any public use." If so, has the Legislature made provision for compensation by the State within the qualifying clause of section 7 of article I?

The answer to the first query is found in the stipulated fact that the erection of the elevated steel structure of which plaintiff complains was a part of a project for grade crossing elimination in the city of New York which was

accomplished after the Transit Commission, proceeding in accord with the New York City Grade Crossing Elimination Act, had determined that public welfare required the elimination of the highway grade crossings of respondent's railroad at or near appellant's property and had ordered the respondent to join with the city in carrying out such elimination under supervision by the Transit Commission.

The Legislature has answered the second query by providing that if private property is taken in carrying out the grade crossing elimination project, it is "the people of the state of New York, their officers and agents," who are given the right of entry and possession thereof; it is "the people of the state" in whom vests the title to any property so taken. (L. 1928, ch. 677, § 6, subds. 3, 4; McKinney's Cons. Laws, Book 65, § 2046.) The statute last cited thus makes it clear that if, as claimed by the appellant, he has suffered damage to the fee of his property or if appurtenant easements have been impaired, the taking was by the State, not by the respondent railroad, in which event, under subdivision 8 of section 6, a claim for the value of the property so taken and damages caused thereby may be presented to the Court of Claims and any award shall be paid in accord with the practice of that court and from designated State funds. (L. 1928, ch. 677, § 6, subd. 8.)

That the respondent railroad is not to be charged in the first instance with liability for property taken is again emphasized by section 7 of the same act: "If the work of such elimination causes damage to property not acquired as above provided, the state shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law." (L. 1928, ch. 677, § 7.) Then follows a provision that if such a claim is not adjusted by the Transit Commission it "may be presented to the court of claims which is hereby authorized to hear such claim and determine if the amount of such claim or any part thereof is a legal claim against the state and if it so determines, to make an award and enter judgment thereon against the state, provided, however, that such

claim is filed with the court of claims within six months after final approval of the elimination work by such commission." (L. 1928, ch. 677, § 7.)

We thus find that whether the alleged loss of property rights of which the appellant complains is to be dealt with under section 6 of the act, as the appellant's brief suggests, or under section 7, as claimed by the respondent, the Legislature, in either event, has provided that where, as is conceded here, the elimination is in the interest of public welfare and is accomplished pursuant to the New York City Grade Crossing Elimination Act, any private property taken is acquired by the State, not by the respondent. Having made the State responsible in the first instance for the taking of private property necessary to the elimination project, the Legislature has given assurance to the aggrieved owner that compensation for property thus taken will be paid by the State if a timely claim therefor is presented to the Court of Claims and a judgment is rendered determining the State's legal liability.

As the statute thus makes provision for " compensation [to be] made by the state " within the qualifying clause found in section 7 of article I of the Constitution, we conclude that the Court of Claims, the tribunal designated by the Legislature to determine the State's liability, has exclusive jurisdiction to grant the relief to which the appellant is entitled. (See *Cox* v. *City of New York*, 265 N. Y. 411, 414.) We do not pass upon the merits of the appellant's claim.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, J., concur.

Judgment affirmed.