WELZ & ZERWECK, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25679.)

GLENDALE DEVELOPMENT CO., INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25680.)

FRED SCHEBLEIN and MADELINE SCHEBLEIN, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25681.)

Court of Claims, May 27, 1940.

*Skinner & Bermant* [*Bernard L. Bermant* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*Gerald J. Carey, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. Claimants respectively own certain parcels of land abutting on the northwesterly side of Trotting Course lane in the borough of Queens, city of New York. The street is intersected by the right of way of the Long Island Railroad Company and the grade crossing which heretofore existed has been eliminated by the Transit Commission pursuant to the provisions of chapter 677 of the Laws of 1928. Trotting Course lane has been closed at a point northeasterly of the claimant's properties.

No part of the corporeal property of any claimant has been taken or encroached upon. No notice of appropriation has been served upon any claimant. The elimination project was completed and accepted by the Transit Commission as of March 16, 1938, that being the date of the final order of approval of the work. Obviously the physical changes at the grade crossing and the blocking off of the street must have been accomplished at some earlier date. The moving affidavit states that all construction work was completed January 5, 1938.

Claimants sue to recover damages " by reason of loss of easements, light, air and access and ingress and egress on and over Trotting Course Lane in front of and adjacent to and to the north of " their respective properties. Each claim was filed March 15, 1940, which was within two years from the date of the order of the Transit Commission finally approving the work. ·

The Attorney-General has moved in each case to dismiss the claim upon the ground that this court has no jurisdiction to hear and determine the same. He asserts that the claimants' respective causes of action, if any, are governed by the provisions of section 7 of chapter 677 of the Laws of 1928, which reads as follows: " If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law. Claims for such damage may be adjusted by the Transit Commission with the approval of the railroad corporation or corporations and the city if the amount thereof can be agreed upon with the persons making such claims, and any amount so agreed upon shall be paid as a part of the cost of such elimination as prescribed by this act. If the amount of any such claim is not agreed upon, such claim may be presented to the Court of Claims which is hereby authorized to hear such claim and determine if the amount of such claim or any part

thereof is a legal claim against the State and if it so determines, to make an award and enter judgment thereon against the State, *provided, however, that such claim is filed with the Court of Claims within six months after final approval of the elimination work by such commission."* (Italics supplied.)

The section immediately preceding that above quoted, viz., section 6 of chapter 677 of the Laws of 1928, describes how the acquisition of lands or easements therein necessary for the elimination of grade crossings shall be accomplished and directs in detail the steps to be taken for the formal appropriation of such lands and easements. Subdivision 8 of section 6 provides: " Any owner may present to the Court of Claims a claim for the value of such property appropriated and for legal damages, as provided by law for the filing of claims with the Court of Claims."

The Statute of Limitations provided by law for the filing of claims for the appropriation of lands is two years. (Court of Claims Act, § 10, formerly § 15. See Laws of 1921, chap. 474; Laws of 1936, chap. 775; Laws of 1939, chap. 860.)

Claimants here apparently proceeded upon a two-year Statute of Limitations and upon the assumption that it began to run March 16, 1938, because their claims were filed just at the expiration of two years from that date. However, they now assert that no Statute of Limitations is applicable to any appropriation of an interest in land when no notice either actual or constructive has been given by the State. For this proposition they rely on two opinions of the late Judge Cardozo which appear in *Matter of City of New York* (212 N. Y. 538) and *Matter of City of New York* (219 id. 399). We think it is important to quote from the opinion in the latter case as follows: " The owner of this land had no notice, actual or constructive, of the filing of the map. Until the physical invasion of his easements in 1914, he had no notice of an intent to close the existing highway. In such circumstances, the period of limitation prescribed by section 5 of the statute is inapplicable " (p. 406).

We believe that in this case the closing of the street was sufficient notice to these claimants to be a compliance with the rule thus laid down and to start the running of the Statute of Limitations.

What limitation applies? The claimants say that they seek to be compensated, not for damages to property not acquired in accordance with section 6 of chapter 677 of the Laws of 1928, but for the taking of easements such as were recognized in *Story* v. *New York Elevated R. R. Co.* (90 N. Y. 122) as entitling an abutting owner to compensation. Admitting that no description and map of any lands which the Transit Commission has deemed necessary

in the elimination of the Trotting Course lane grade crossing has been prepared, filed and served upon them as required by the various subdivisions of section 6 of the act, they nevertheless argue that there has been a taking as contemplated by that section and that if any limitation is to be applied, it is that referred to in subdivision 8 above quoted.

The position taken by the claimants is not in accord with recent decisions. In *Champion Oil Co., Inc.*, v. *State* (161 Misc. 143; affd., 251 App. Div. 781) an award was made for cutting off physical access to claimant's property. In *Caldwell & Ward Brass Co.* v. *State* (161 Misc. 147; affd., 251 App. Div. 781; affd., 277 N. Y. 547) an award was made for loss of easements of light, air and access as defined in the *Story* case. In *Solkat Realty Corp.* v. *State* (172 Misc. 981) an award was made for damages caused by change of grade. All three claims were filed pursuant to the provisions of chapter 825 of the Laws of 1928, the Syracuse Grade Crossing Act. The awards were based upon the provisions of section 9 thereof. The language of that section is identical with that of section 7 hereinabove quoted except for those words which indicate that the Public Service Commission, rather than the Transit Commission, and the county of Onondaga, rather than the city of New York, are responsible for the elimination project and the administration of matters pertaining thereto.

In *Knights* v. *State* (161 Misc. 552; affd., 251 App. Div. 781) awards were made for change of grade. The claims were filed under and the awards were based upon the provisions of section 6 of chapter 678 of the Laws of 1928. The language of that section is identical with the language of section 7 hereinabove quoted except that again the reference is to the Public Service Commission rather than the Transit Commission and to the county or counties wherein the work is performed rather than to the city of New York.

In *Mirro* v. *State* (172 Misc. 963) an award was made for damages caused by change of grade. The claim was filed under and the award was based upon the provisions of the statute here invoked by the Attorney-General, section 7 of chapter 677 of the Laws of 1928.

However, it is important to note that the language of another grade crossing act, chapter 844 of the Laws of 1926, is distinctive. Section 4-a thereof contains the following: " For the purpose of limitation of time respecting the filing of claim and of notice of intention to file it as prescribed by the Court of Claims Act, the claim shall be deemed to have accrued at the time of the approval of the completion of the work by the Buffalo commission."

It was under this statute that the Appellate Division, Fourth Department, found liability against the State in that important decision which is the foundation and authority upon which all the other decisions rest. (*Askey & Hager, Inc.*, v. *State*, 240 App. Div. 451; affd., 266 N. Y. 587.)

We come, therefore, to the conclusion that claimants' causes of action fall within the category of " damage to property not acquired as above provided " for which section 7, above quoted, clearly requires that a claim be filed with the Court of Claims within six months after final approval of the elimination work.

We do not regard the recent case of *Moller* v. *New York Central R. R. Co.* (282 N. Y. 188) as an authority to the contrary. Although a statement appearing in the opinion in the second paragraph on page 193 may at first seem to indicate that claims in the nature of those asserted here may be heard and determined under the provisions of subdivision 8 of section 6 of the act, we believe the following paragraph quoted from page 194 clearly shows that the Court of Appeals did not so decide: " We thus find that whether the alleged loss of property rights of which the appellant complains is to be dealt with under section 6 of the act, as the appellant's brief suggests, or under section 7, as claimed by the respondent, the Legislature, in either event, has provided that where, as is conceded here, the elimination is in the interest of public welfare and is accomplished pursuant to the New York City Grade Crossing Elimination Act, any private property taken is acquired by the State, not by the respondent. Having made the State responsible in the first instance for the taking of private property necessary to the elimination project, the Legislature has given assurance to the aggrieved owner that compensation for property thus taken will be paid by the State if a timely claim therefor is presented to the Court of Claims and a judgment is rendered determining the State's legal liability."

What the Court of Appeals did determine in the *Moller* case was that the statute herein considered makes provision for compensation to be made by the State within the qualifying clause found in section 7 of article 1 of the Constitution. Furthermore, it upheld the exclusive jurisdiction of the Court of Claims to determine the State's liability and to grant relief to property owners who may be legally entitled to damages for injury to their lands and easements. Thus the highest court has again recognized and confirmed the doctrine announced in that case which was the forerunner of the *Askey & Hager, Inc.*, decision (*supra*) and which was reiterated in that decision in the following words: " Upon a previous appeal (*Matter of Grade Crossing & Terminal Station Comm.*, 236 App.

Div. 880) we held that ' the remedy for the recovery of damages under section 4-a of the Grade Crossing Act, added by chapter 844 of the Laws of 1926 and amending statutes, was exclusive.' We so hold here."

Finally, it should be noted that if our conclusion is not the correct one, if these claims do not fall within the classification described in section 7, their filing is still not timely, because it is well-settled law that in suits to recover damages for loss of access and change of grade the cause of action is held to accrue when the physical change is made. (*People ex rel. Janes* v. *Dickey*, 206 N. Y. 581; *Licht* v. *State*, 277 id. 216.) The physical changes at Trotting Course lane were made more than two years prior to March 15, 1940.

The several motions must be granted and each claim dismissed. Submit orders accordingly.