Rosario Occhipinti, Intervener, Respondent, et al., Plaintiffs, v. Anthony Buscemi, Respondent, Williamsburg Packing Company, Inc., Impleaded Defendant, Respondent-Appellant, and Adolf Gobel, Inc., Impleaded Defendant, Appellant.— Action to recover damages for injuries caused by the ingestion of pork infested with trichinae. Judgments against impleaded defendants Williamsburg Packing Company, Inc., and Adolf Gobel, Inc., reversed on the facts and a new trial granted, costs to abide the event, upon the ground that the verdict, insofar as it holds that defendant Buscemi purchased the meat in question from defendant Williamsburg Packing Company, Inc., and that the latter, in turn, had purchased it from defendant Adolf Gobel, Inc., is against the weight of the evidence. Close, P. J., Carswell and Aldrich, JJ., concur; Hagarty and Adel, JJ., concur in the reversal of the judgments but dissent as to the granting of a new trial and vote to dismiss the respective cross complaints of defendants Buscemi and Williamsburg Packing Company, Inc., with the following memorandum: It should be held as matter of law (1) that there was no evidence upon which to find that there was privity of contract between the plaintiff and defendant Buscemi, and that no warranty ran in plaintiff's favor (*Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 264 N. Y. 390); (2) that there is no evidence upon which to find that an implied warranty ran from defendant Williamsburg to defendant Buscemi, in view of Buscemi's testimony that the only pork purchased from Williamsburg which could possibly have resulted in the delivery of the infested pork to plaintiff's wife and caused the injuries suffered, was selected by defendant Buscemi upon his own judgment; and (3) that there is no evidence to support a finding that any pork which Buscemi may have obtained on January 10, 1940, from defendant Williamsburg came from defendant Gobel.

Tomasetti Construction Co., Inc., Respondent, v. Long Island Rail Road Company, Appellant.— Defendant appeals from an order denying its motion to dismiss the complaint upon the ground that the Supreme Court has not jurisdiction of the subject matter of the action or of the defendant. The contract sued upon was made between the plaintiff and the defendant pursuant to an order of the Transit Commission of the State of New York and was for grade crossing elimination work within the State of New York. It appears without dispute that the contract was made subject to the provisions of chapter 677 of the Laws of 1928 and chapter 289 of the Laws of 1939, and that plaintiff agreed that the railroad corporation would not be obligated to make payments on the contract until after the receipt by it of moneys from the Comptroller of the State of New York. There are other recitals in the contract by which the interests of the Transit Commission and of the State of New York are recognized. The State of New York has assumed full liability for the cost of elimination of grade crossings and, on the facts in this case, the defendant railroad corporation was acting merely as an agency of the State in the performance of the work. The cause of action, if any, lies only against the State of New York; and to determine the controversy alleged in the complaint, the Court of Claims has exclusive jurisdiction. (*Breen* v. *Mortgage Commission*, 285 N. Y. 425; *Moller* v. *New York Central R. R. Co.*, 282 N. Y. 188.) Order reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.