In the Matter of the Estate of JOHN P. KELLAS, Deceased. JEAN M.'ELDREDGE, Individually and as Administratrix c. t. a., et al., Appellants; LAURA I. BRISTOW, as Executrix of ANNA G. KELLAS, Deceased, Respondent.— Laura I. Bristow, the executrix of the last will and testament of Anna G. Kellas, the widow of John P. Kellas, presented a petition to the Surrogate's Court of Franklin County to compel Jean M. Eldredge, administratrix c. t. a. of John P. Kellas, to render an account of her proceedings as such administratrix. Thereafter, the administratrix having filed her petition for such an account and having also filed her account and the proceedings having been consolidated, the petitioner filed objections to such account and asked to have it surcharged with certain personal property said to be part of the estate. The Surrogate determined that the account should be subject to surcharge and the administratrix and Le Roy M. Kellas have appealed from the decree. The evidence sustains the decree. Decree affirmed, with costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur. [See *post*, p. 1006.]

LOUIS MOLLER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 25705.) — Claimant appeals from a judgment of the Court of Claims awarding to him the sum of $1,500 with interest, for the damage sustained to his real property located at the northeast corner of West 30th Street and 10th Avenue in the Borough of Manhattan, New York City, which consists of a five-story brick tenement building with stores on the ground floor. It is claimant's contention that as a result of a grade crossing elimination he is entitled to recover not only the difference in the fee value of the property before and after the erection of an elevated structure, but in addition, damages for diminution in rentals of the property. The decision of the court below as to damages for diminution in rentals is amply supported by legal authority. (*Miller* v. *State of New York*, 229 App. Div. 423; *Moller* v. *New York Central R. R. Co.*, 282 N. Y. 188; *Mirro* v. *State of New York*, 285 N. Y. 678, affg. 260 App. Div. 525; *Van Aken* v. *State of New York*, 261 N. Y. 360; *Dwornik* v. *State of New York*, 251 App. Div. 675, affd. 283 N. Y. 597; *Coffey* v. *State of New York*, 291 N. Y. 494.) The court finds, however, that by reason of the interference with the easements of light, air and access, the fee value of claimant's premises has been lessened and impaired in the sum of $5,000 over and above all benefits which have accrued to claimant's property by virtue of the grade crossing elimination and that the judgment should be modified by providing that the claimant recover against the State the sum of $5,000, together with interest thereon from October 25, 1932, to April 25, 1933, and with further interest thereon from April 30, 1940, to June 29, 1943, and as so modified affirmed. Judgment modified accordingly and as so modified affirmed. The court modifies finding 21 of the decision by increasing the amount of $1,500 stated therein to be the amount of damage over and above all benefits which have accrued to claimant by virtue of the grade crossing elimination to $5,000; and modifies conclusion of law I by increasing the amount which claimant is entitled to recover against the State from the sum of $1,500 to the sum of $5,000, with interest as therein stated. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur. [See *post*, p. 936.]