NORMAN LA PORTE et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 33115.)

Third Department, March 27, 1958.

*Louis J. Lefkowitz, Attorney-General (Dunton F. Tynan and Paxton Blair* of counsel), for appellant.

*Dante M. Scaccia* for respondents.

Coon, J.   The claim was filed for damages for the appropriation of claimants' land for Thruway purposes.   The land was appropriated pursuant to section 347 of the Highway Law, which provides that title shall pass to the State upon the filing of the description of the premises and a map thereof in the office of the clerk of the county in which the land is situated.   That date in this case was June 1, 1953, and was the date when title to and right to possession of the premises vested in the State.   (*Vescera* v. *State of New York*, 3 A D 2d 644.)   A copy of the description and map were not served upon claimants until April 22 and April 26, 1955.   The claim was verified February 15, 1955, and

was filed on April 7, 1955 (prior to the service of the map and description). The decision was handed down December 27, 1956, and fixed claimants' compensation at $4,000 (which is not questioned on this appeal), with interest from June 1, 1953 to the date of the entry of judgment without interruption.

The State contends that interest should only be allowed from June 1, 1953 (the date of the accrual of the claim) to December 1, 1953, and from April 7, 1955 (the date the claim was filed) to the date of the entry of judgment, pursuant to subdivision 1 of section 19 of the Court of Claims Act, which reads: "1. If a claim which bears interest, is not filed until more than six months after the accrual of said claim, no interest shall be allowed between the expiration of six months from the time of such accrual and the time of the filing of such claim."

Here no one questions that the claim "accrued" on June 1, 1953. The quoted language of the statute clearly suspends interest from a period beginning six months thereafter and ending when the claim is filed. The Appellate Division in the Fourth Department has so held in several cases. (*Vescera* v. *State of New York*, 3 A D 2d 644, supra; *Cacciatore* v. *State of New York*, 4 A D 2d 928; *Marson* v. *New York State Thruway Auth.*, 4 A D 2d 928.)

The court below has held, however, that subdivision 1 of section 19 of the Court of Claims Act is unconstitutional in that it offends the due process clause of the Federal Constitution (14th Amdt.), because the description and map were not personally served upon claimants until after the six-month period from the accrual of the claim had expired, and that therefore they are deprived of interest before they had actual notice of the taking. It was also found that section 7 of article I of the State Constitution is violated because property is taken without "just compensation" if uninterrupted interest is not paid.

We do not think that a statute which provides a reasonable limitation on interest may be said to be unconstitutional when full compensation for the land taken is provided for and a method of enforcing collection is provided with reasonable time limitations. The filing of the description and map in the County Clerk's office on June 1, 1953 was constructive notice to all that the State had taken the property. A claim could have been filed immediately without regard to personal service. The claim was in fact filed before the personal service was effected.

While it would seem that the record before us could have been more fully developed concerning what actually took place during the delay, only two inferences are possible. First, the State was negotiating with claimants concerning the compensation to

be paid or had actually taken physical possession, in which event the claimants had actual knowledge of the taking and were charged with knowledge of the law requiring a filing of a complete description and map and the opportunity to file a claim; or, second, if nothing occurred to bring home knowledge of the taking to claimants, they had the full use and benefit of the land during the interval and could not reasonably expect both interest and possession. The opinion of the court below recites, "they resided there." It would seem clear that they either had actual knowledge of the taking and could have filed a claim to insure continuous interest, or, if they had no such knowledge, their use and enjoyment of the property was not disturbed. They are not entitled to both possession and interest on the award, and if their possession and use was disturbed, they had ample opportunity for six months to file a claim and thus continue interest on the award until they were paid. It was the delinquency of claimants and not of the State which deprived them of a period of interest.

The language quoted by the court below from *Matter of City of New York. (Grand Blvd.*), (212 N. Y. 538), sounds appropriate, but that case did not involve interest — the statute there involved deprived the property owner of *any* compensation by the mere lapse of time without personal service. Judge CARDOZO noted that: "It [the statute] does not confine itself to a provision that the filing of the map shall *ipso facto* work an appropriation of their interest in the land. That in itself would not, we may assume, be invalid *if an adequate remedy insuring compensation were provided.*" (Emphasis supplied.) In the case at bar such a remedy is provided, and section 10 of the Court of Claims Act expressly provides that where title is vested upon the filing of a map, a claim may be made "within two years after personal service of a copy of such description and map and a notice of the filing thereof". Thus the claimants are assured of "just compensation" and are given two years after personal notice to file a claim therefor.

Compensation need not be paid concurrently with the taking, so long as some reasonable provision is made for "just compensation" and a reasonable time limit within which to claim it. (*Sweet* v. *Rechel,* 159 U. S. 380; see, also, *Moller* v. *New York Cent. R. R. Co.,* 282 N. Y. 188; *Matter of Mayor, etc., of City of N. Y.,* 99 N. Y. 569; *People* v. *Adirondack Ry. Co.,* 160 N. Y. 225, affd. 176 U. S. 335.)

The obvious purpose of subdivision 1 of section 19 of the Court of Claims Act is to insure some degree of promptness in filing a claim and having the amount of "just compensation"

adjudicated when the parties are unable to agree on the amount. Interest is allowed for six months after title vests and constructive notice is given by the filing — then interest continues, if a claim is filed, until payment. It is, in effect, only a time limitation, and does not deprive the property owner of "just compensation" and, in our view, is not unreasonable and does no violence to any constitutional rights of claimants. We find nothing in any of the cases called to our attention which holds to the contrary.

The order should be reversed and the motion to amend the decision granted, without costs, and the judgment modified accordingly, and as so modified, affirmed, without costs.

FOSTER, P. J., BERGAN and GIBSON, JJ., concur.

Order reversed, on the law, and the motion to amend the decision granted, without costs.

Judgment modified accordingly, and as so modified, affirmed, without costs.